THE FIRST NATIONAL BANK OF BLACK RIVER FALLS, Respondent, vs. JONES, imp., Appellant.

*December 17, 1895 — January 7, 1896.*

*Promissory notes: Suretyship: Extension of time for payment.*

1. An extension of the time for payment of a renewal note without the knowledge or consent of one of the makers does not discharge him, although he was merely an accommodation maker of the original note, where the renewal note was accepted at his sole request and for his accommodation and benefit alone.

2. If, after learning of an extension of the time for payment of a note, a surety recognizes his liability thereon by giving a collateral note for the debt or in any other way amounting to a promise to pay the same, he remains liable notwithstanding such extension.

APPEAL from a judgment of the circuit court for Jackson county: FRANK M. FISH, Judge. *Affirmed.*

Action upon a note. The plaintiff, owning a promissory judgment note, with warrant of attorney attached, made by Hugh H. Price and the appellant, *Jones,* caused judgment to be entered on *cognovit,* against both makers, April 10, 1895. Afterwards, on application of *Jones,* the judgment as to him

was opened, and by leave of the court he filed a separate answer, stating — first, that he was an accommodation signer of the note, with the knowledge of the plaintiff, and that the plaintiff had extended the time of payment thereof without his knowledge or consent; second, that he had been induced to sign the note through fraud on the part of Price and plaintiff, in representing to him that Price was solvent and able to meet the same, when in fact Price was entirely in-. solvent at the time of the making of the note.

It appeared on the trial that the indebtedness for which the note was given was originally an indebtedness of Hugh H. Price, and that appellant, *Jones*, was originally simply a surety for such indebtedness. The note in suit was for $3,500, $3,000 of which was borrowed in February, 1888, and $500 in July, 1889. The notes representing these two loans were all signed by Price and *Jones*, and they were renewed from time to time by new notes for sixty or ninety days, down to January 10, 1893. During this time, Price was president of the plaintiff bank, until January, 1891, when he was succeeded by W. T. Murray; and *Jones* was a director of the bank continuously from 1889 to 1894, and was an active member of the examining committee of the bank during the year 1893. The last renewal before the note in suit was the note of January 10, 1893, payable sixty days after date. It was not paid when due, and was held by the bank, which refused to renew it until July 12, 1893, when the note in suit was given. In April, May, and June, 1893, several interviews were had between the bank officials and Price and *Jones* with regard to Price's financial condition, and as to what should be done with this note; but the matter remained unsettled until July 12, 1893, when the demand note in suit, with warrant of attorney attached, was given, signed by Price and *Jones*. There was testimony strongly tending to show that Price did not ask for or desire

any extension of time, but that the bank accepted the note in suit at the request of *Jones* alone and for his accommodation, solely upon the representation that it would break him up in business if he were required to pay the note of January 10th.   On November 11, 1893, Price's bookkeeper paid interest on the note in suit to October 12, 1893, out of Price's funds.   On the 28th day of December, 1893, Price paid the plaintiff bank interest on the note in suit from October 12, 1893, to January 12, 1894, and the same was indorsed by the cashier of the bank.   This last payment of interest is the payment which is relied upon as constituting an extension of time without appellant's knowledge.   It appears that appellant had no knowledge of the last payment of interest at the time it was made, but it also appears that upon the following day, December 29, *Jones*, as a member of the examining committee of the directors of the plaintiff bank, saw and examined this note and the indorsement of interest to January 12, 1894, thereon, and passed it among the assets of the bank, in a report signed by him on that date.   The evidence also showed that on the 2d of April, 1894, the appellant, *Jones*, made an effort to have his brother go on this note with him, in order to procure an extension; that a few days after, with his two brothers, he signed a collateral note to secure the one in suit.   On the next day, in the presence of appellant, his brother directed Murray to enter judgment upon the note in suit, which was done.

No requests to charge were made by either party.   The jury returned a general verdict in favor of the plaintiff for the whole amount of the note, and from judgment thereon the defendant has appealed.

*G. M. Perry*, for the appellant.

For the respondent there was a brief by *Losey & Woodward* and *B. J. Castle*, and oral argument by *G. M. Woodward*.

Winslow, J.  The trial judge, by his charge, submitted two questions to the jury, viz.: First, whether the plaintiff accepted the note in suit at the sole request of *Jones*, and for his accommodation and benefit alone; and, second, if they answered this question in the negative, then whether *Jones*, after knowing of the payment of interest made December 28, 1893, and its indorsement on the note, recognized his liability as still existing on the note, and promised to pay it.  In submitting these issues the trial judge told the jury, in substance, that, if they found that the note in suit was taken at the sole request and for the sole accommodation and benefit of *Jones*, then they should find for the plaintiff; but, if they should find that it was not so given, they should consider whether *Jones*, on or about December 29, 1893, learned of the payment of interest made by Price, December 28th; if he did not learn of such payment, and he was in fact still a surety, then their verdict should be for the defendant; but if he did learn of such payment, and afterwards recognized his liability on the note by giving a collateral note for the debt or in any other way amounting to a promise to pay the same, then their verdict should be for the plaintiff; but, in the event of failure so to find, then they should find for the defendant on this branch of the case.

It seems very plain to us that these questions were the only questions which arose in the case, under the evidence, and it seems equally plain to us that they were properly and fairly submitted to the jury.   There are no other questions which require consideration.   We find no errors in the record.

*By the Court.*— Judgment affirmed.