GERMAN NATIONAL BANK, Respondent, vs. BARBER and another, Appellants.

*November 19—December 8, 1914.*

*Bills and notes: Principal and surety: Surrender of security: Discharge of surety: Reviving liability by giving new note: Consideration: Banks and banking: Corporate stock: Conversion.*

1. Where a surety gives his note to take up one on which he is liable as a surety, with full knowledge that the property of his principal held by the payee of such note to secure payment thereof has been released and the right thereto relinquished, the surety's obligation continues and the note so given by him becomes a valid obligation; and such recognition of his liability does not require a new consideration.

2. Although a bank, which for the protection of itself and indorsers of the note held certificates of its own stock as security for payment of a note given by a subscriber for the amount unpaid on such stock, delivered the certificates to said subscriber without requiring payment of the note and without the knowledge or consent of the indorsers, and thereafter the stock was transferred to one of the officers of the bank, such facts did not show a fraudulent conversion of the stock which would entitle the indorsers to recover the value thereof from the bank, where the bank did not receive the proceeds of the transfer.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover on four promissory notes made by the defendants. There is no dispute concerning them except as to the note made on April 1, 1910, for $670.

On the 21st day of March, 1892, one S. W. Hallock subscribed for five shares of the stock of the plaintiff bank and agreed to pay therefor the sum of $1,500. The defendants agreed with the officers of the bank that Hallock should give his note for $1,000 and the defendants should indorse the same. This was done and from time to time renewal notes indorsed by the defendants were given, and the note was reduced

by payments of Hallock until in 1906 it amounted to only $635. At the time the original note was given it was agreed that the certificates of stock for the five shares should not be delivered to Hallock, but should be held by the plaintiff bank as security for the protection of itself and the defendants as indorsers, and this was done. On March 30, 1896, the plaintiff bank by its cashier, R. B. Evans, without the knowledge or consent of the defendants or without requiring the payment of the note by Hallock, at his request delivered the certificates of stock held as security for the plaintiff and defendants to him. On June 27, 1896, the plaintiff transferred said stock on the books to one G. W. Washburn, without the knowledge or consent of the defendants and without requiring payment of the note. In 1906, after Hallock had removed to New Mexico, at the request of the plaintiff bank the defendants gave their own personal note to the plaintiff to take the place of the old note given by Hallock and indorsed by defendants. The referee found that the defendants at this time had notice that the certificates of stock had been delivered up to Hallock more than one year prior to the execution of this note to the bank, and that the defendants thereafter, with full knowledge of such release of this security by the bank, from time to time gave renewal notes and paid the interest thereon and a part of the principal. The referee found that the plaintiff was entitled to recover the amount due on this note as well as the other notes sued on, and awarded judgment against the defendants for the sum of $3,671.18, together with all costs and disbursements in the action.

Motions were made by the plaintiff to confirm and by the defendants to set aside the report of the referee relative to this so-called Hallock note. The motion of the plaintiff for judgment was granted and that of the defendants denied, and judgment for the plaintiff in accordance with the findings of the referee was entered. From such judgment this appeal is taken.

For the appellants there was a brief by *Barber Bros.*, attorneys, and *Charles Barber* and *H. I. Weed,* of counsel, and oral argument by. *Charles Barber.* They contended, *inter alia,* that upon the undisputed evidence these defendants were voluntarily released by the bank from any obligation as indorsers on the note of Hallock when the bank surrendered the collateral without their knowledge or consent. The transfer of the Hallock stock to Washburn was not only the voluntary act of the plaintiff bank, but its deliberate act, and there can be no revival of a debt by subsequent promise when the creditor has voluntarily released the debtor, for the reason that there is no such moral consideration as will support a promise to pay. *Warren v. Whitney,* 24 Me. 561; *Ingersoll v. Martin,* 58 Md. 67; *Valentine v. Foster,* 1 Met. 520; *Hale v. Rice,* 124 Mass. 292; *Grant v. Porter,* 63 N. H. 229. Defendants had a right to recover from the bank for a conversion of the stock, or for a breach of contract in disposing of the same, or to have an accounting for the value of the stock and the dividends upon it. Whether the bank received money or not upon the sale of the stock, is immaterial. If it neglected to get the purchase price of the stock, that was a matter which concerned it alone. So far as defendants are concerned the case stands in exactly the same position as if the bank had received the money and held it in lieu of the stock.

For the respondent there was a brief by *Williams & Williams,* and oral argument by *George E. Williams.*

SIEBECKER, J. Upon the facts found by the referee the question is, Has the bank the right to enforce the note in question against the defendants? There is no dispute but that the bank surrendered to Hallock his stock without the knowledge and consent of the defendants. The surrender by the bank of the stock held by it to secure payment of Hallock's note, which the defendants indorsed as an accommodation, without the knowledge and consent of the defendants,

undoubtedly operated to release the defendants from their obligation as indorsers of the Hallock note, had they insisted thereon when it came to their knowledge.   They however did not insist on being released from their obligation on the note after having acquired knowledge of the release of the Hallock stock by the bank.   A year from the time they were informed of the release of this security by the bank they continued their obligation by giving their personal note to the bank for the amount due on the original debt secured by their indorsement of the Hallock note.   It is established in the law that if a surety gives his note to take up the one on which he is liable as a surety, with full knowledge that the property of his principal held by the payee of such note to secure payment thereof has been released and the right thereto relinquished, then the surety's obligation continues and the note so given by him becomes a valid obligation.   32 Cyc. 162, Waiver of defenses; *First Nat. Bank v. Jones,* 92 Wis. 36, 65 N. W. 861; *Mastin Bank v. Hammerslough,* 72 Mo. 274.   Such recognition of his liability does not require a new consideration to sustain it.   *Porter v. Hodenpuyl,* 9 Mich. 11; *Hooper v. Pike,* 70 Minn. 84, 72 N. W. 829.

The appellants contend that the release of the certificates of stock by the bank without their consent and the purchase thereof from Hallock by Washburn, one of the bank officers, constituted a fraudulent conversion of the stock and hence entitles them to recover the value thereof from the bank, for it presumably had the benefit of such value.   This contention cannot prevail because the evidence sufficiently shows that the bank did not receive the proceeds of the transfer of the Hallock stock.   The appellants' contention to the effect that the original debt of Hallock was fully discharged and satisfied by the surrender of the stock as shown by the evidence is not well founded.   The referee's finding to the contrary must be accepted as a verity on this question.   Whatever right the appellants had to insist on their release from liability as sureties

on Hallock's note on account of the relinquishment of this stock by the bank was waived by them when they gave their note to the bank, continuing their liability, with full knowledge that the stock had been so relinquished as security for its payment. Under the circumstances shown the promise evidenced by the note in question is binding on the defendants, and the plaintiff is entitled to recover on the note.

*By the Court.*—Judgment affirmed.