EDWARD D. SWEENEY, APPELLANT, *v.* WILLIAM A. HAWTHORNE, RESPONDENT.

EXECUTION SALE—BID BY JUDGMENT CREDITOR—SATISFACTION. Where property of a judgment debtor was, on execution sale, struck off to the judgment creditor, and upon his refusal to pay, the sheriff proceeded to re-sell, whereupon the Court, on motion, ordered the judgment creditor to enter satisfaction of the judgment: *Held*, that the order was error and must be set aside.

WHEN JUDGMENT CREDITOR MAY BE ORDERED TO SATISFY JUDGMENT. It is only when a judgment is satisfied " otherwise than upon execution " (Practice Act, Sec. 210) that a Court may order the judgment creditor to make acknowledgment of that fact.

MERE STRIKING OFF TO JUDGMENT CREDITOR NOT SATISFACTION OF EXECUTION. Where, on an execution sale, the judgment creditor bid in the property but

refused to pay, and the property had to be offered again: *Held*, that the execution was not satisfied.

PURCHASE WITHOUT PAY BY JUDGMENT CREDITOR AT EXECUTION SALE. When a judgment creditor, to whom property is struck off at execution sale, refuses to consummate his purchase, there should be a re-sale under the provisions of sections two hundred and twenty-six and two hundred and twenty-seven of the Practice Act, the same as in the case of any other purchaser.

PAYMENT ON PURCHASE BY JUDGMENT CREDITOR. Where the judgment creditor is the purchaser at execution sale, it does not follow that he need not pay any money—the officer may require payment when fees are due, or to become due to him, and in default of payment may re-sell.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The judgment against the defendant was for $846.22 and costs. The execution was levied upon certain lots of land and the "Cold Spring Water Works," in Carson City. Sweeney bid off Hawthorne's right, title and interest in the water works for $250, but refused to make any payment thereon, whereupon the motion which is the subject of this appeal was made.

*A. C. Ellis*, for Appellant.

I.   The Court acquired no jurisdiction over the person of Sweeney. If the judgment was satisfied, in whole or in part, it was upon execution. (Practice Act, Sec. 210.) This being the case, the proceeding should have been instituted against the sheriff for failure to make a proper return, or against the clerk for failure to make the proper entry in the docket. As to Sweeney, the whole proceeding is *coram non judice*.

II.   The judgment should not be credited with the two hundred and fifty dollars, because there was no sale to Sweeney for that or any sum. To constitute a sale within the meaning of the law, cash should be paid to the sheriff if he require it, or credit should be given the judgment debtor, if the purchaser be the judgment creditor, by and with the consent of both the sheriff and the purchaser; and unless one or the other be done, it is incomplete, and not a sale. (5 Cal. 66 ; 6 Cal. 91.)

III.   The return of the sheriff shows that Sweeney refused, ever since the bid, to pay cash, or to consent to a credit upon the judg-

ment. In such case the statute provides the remedy. (Practice Act, Sec. 226.) And as a matter of fact, the sheriff, in pursuance of this remedy, had, when this motion was made, re-advertised the identical property, and was about to sell the same, with the object of holding Sweeney for the difference between the sum obtained and his bid, if there should be any.

IV. The sale of property on execution to satisfy a judgment is strictly a statutory proceeding, and the sale and all incidents connected with proceedings under execution must be governed and regulated by statute ; and when it provides a remedy for a default in payment, or other thing connected with sale on execution, this remedy is exclusive of all others. (1 Kent, note 467 ; *Dudley* v. *Mayhew*, 3 Comstock, 15.)

*Clarke & Wells*, for Respondent.

I. Sweeney as assignee stands in the shoes of Woodburn in all respects. (12 Cal. 257.)

II. The property was sold and bid off by Sweeney, the assignee, and returned by the sheriff as sold to Sweeney. (3 Wend. 637 ; 1 Cow. 622 ; 1 Barb. 238 ; 36 Barb. 250 ; Nash Pr. & Pl. 600 ; 21 Wend. 169 ; 17 Johnson, 332 ; 2 Blackf. 1 ; 8 Blackf. 575 ; 15 Ind. 134 ; 2 Bl. Com. 413.)

By the Court, LEWIS, C. J. :

Sweeney, the assignee of a judgment obtained by one Woodburn against Hawthorne, directed the issuance of an execution under which certain property of defendant was seized by the sheriff. At the sale, Sweeney being the highest bidder, the property was struck off to him, but as appears by the return of the officer he refused to pay the bid ; whereupon the sheriff again proceeded to sell in accordance with Sections 226 and 227 of the Practice Act. The defendant thereupon moved for an order compelling Sweeney to acknowledge satisfaction of the judgment. The Court made the order, and Sweeney appeals.

Section 210 of the code declares that " satisfaction of a judgment may be entered in the clerk's docket upon an execution re-

turned satisfied, or upon an acknowledgment of satisfaction filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property by the judgment creditor, or within one year after the judgment, by the attorney, unless a revocation of his authority be previously filed. Whenever a judgment shall be satisfied in fact otherwise than upon execution, it shall be the duty of the party or attorney to give such acknowledgment, and upon motion the Court may compel it or may order the entry of satisfaction to be made without it."

In this case it is not claimed nor attempted to be shown that there was any satisfaction of the judgment "otherwise than upon execution." If there were any satisfaction whatever, it is admitted to be by levy upon, and sale of property by the sheriff under execution. The case then does not come within the last clause of the section above quoted. It would therefore seem to be beyond the authority of the Court to compel satisfaction of the judgment in the manner here attempted. It is only when the judgment is satisfied "otherwise than upon execution" that the Court may order the judgment creditor to make acknowledgment of that fact. If the sheriff had returned the execution satisfied, the proceedings should be against the clerk; if as a matter of fact it be satisfied upon execution and no such return be made, the remedy is against the officer. Hence we cannot understand how in a case of this kind the Court can order the judgment creditor to acknowledge satisfaction.

But the return by the sheriff shows that the execution is not satisfied; the sale to Sweeney not being consummated by the payment of the money bid; and so the officer had the right to re-sell under Sections 226 and 227, which declare that, "If a purchaser refuse to pay the amount bid by him for property struck off to him at a sale under execution, the officer may again sell the property to the highest bidder, after again giving the notice heretofore provided; and if any loss be occasioned thereby from the purchaser refusing to pay his bid, the officer may recover the amount of such loss with the costs for the benefit of the party aggrieved by motion upon previous notice of five days to such purchaser, before any Court of competent jurisdiction; and Section 227 declares that "such Court shall proceed in a summary manner in the hearing and disposition

of such motion, and give judgment and issue execution therefor forthwith, but the refusing purchaser may claim a jury."

Here is a course plainly marked out for the officer in all cases where the purchaser refuses to consummate his purchase. Why should he not be permitted to pursue it here ? He certainly has the right, if it be not his duty, to follow the course designated in these sections. There is no showing whatever that to pursue it in this case would prejudice Hawthorne. But counsel argue that where, as here, the judgment creditor is the purchaser, no money need be paid, the bid itself authorizing the officer to return the execution satisfied. This however may not always be so, for that officer himself often has a claim upon a portion, if not all of the sum bid, for his fees. When he has such claim, can it be said that he cannot demand the payment of money, at least to the extent of his costs ? Certainly not ; and it is not unfrequently the case that the costs are equal to the sum bid. Cannot he in such case demand the entire sum, and if refused, proceed to re-sell ? It is clear he may.

In this proceeding it is not shown that the officer's fees do not equal the sum bid by Sweeny ; nor is there any showing or attempt at it, that if a re-sale took place Hawthorne would be prejudiced by it. It appears, it is true, that the officer had sufficient money in his hands to pay all accruing costs ; but the inference from this statement is that there was not sufficient to pay costs already accrued, nor can there be any presumption upon such showing as is made here that they had been paid. It devolved upon Hawthorne to make a sufficient showing to entitle him to the order made in his favor. And one fact essential to such showing was that the sheriff had no right to claim the payment of the bid. Until that be made to appear, the showing was not made, and therefore he failed to make out a case entitling him to the order.

It must be set aside. Such is the order of this Court.