JOHN S. ALLEN AND ELIZABETH ALLEN, APPEL-
LANTS, *v.* MICHAEL J. HERNON AND FRANCES
HERNON, RESPONDENTS.

No. 4041

July 15, 1958.                                    328 P.2d 301.

*Sidney R. Whitmore,* of Las Vegas, for Appellants.

*John C. Mowbray,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, C. J.:

The main question here presented is whether the trial court properly applied the rule, with respect to negotiable instruments, that as between innocent parties, the one whose negligence has occasioned the loss must bear it. The facts establish this case as a classic example for the application of the rule as applied by the district court.

(1) The action to set aside a note and trust deed was commenced by the Allens, husband and wife, makers of the note and trust deed involved, against Clark County Mortgage Company, a corporation, payee of the note and beneficiary under the trust deed, which was the party guilty of the fraud, and the Hernons, husband and wife, who purchased the paper from the mortgage company. The note and trust deed in the sum of $6,000, both dated as of September 30, 1955, were executed by the Allens about October 14, 1955, and delivered to the mortgage company on that date. The trust deed ran to Pioneer Title Insurance and Trust Company, as trustee. The mortgage company promised to deliver its check to the Allens as soon as the trust deed was recorded. Mistakes, both as to the date of the note, the maturity of the note and the interest rate therein specified, required the execution of a second and then a third note. Mistakes in the description of the property and in other respects required the execution of a second trust deed and, as the first trust deed had already been recorded, required the execution of a reconveyance of the land conveyed by the first trust deed. Although the execution of the second and third notes, the second trust deed and the reconveyance under the first trust deed occupied a great many pages of the testimony and a great deal of the argument contained in the briefs, this in no way affects the determination of the main issue. The mortgage company never paid any money to the Allens. It sold and assigned the trust deed to the Hernons for a $6,000 cash consideration, which the Hernons paid to the mortgage company. The Allens alleged that the Hernons took the paper with knowledge of the fact that the Allens had received no consideration for the same. The court, however, made specific findings to the effect that the Hernons took without any knowledge of the situation, and there is ample evidence in the record to support this finding. It specifically found that the allegation of the complaint that the Hernons took with notice was untrue. In its opinion from the bench, the court said: "There is no evidence that the

Hernons had any knowledge of any tricky business, so to speak, by the mortgage company, none at all." The Allens had had prior dealings with the mortgage company, had borrowed money from it, reposed confidence in it, put their note and deed of trust in its hands, even executed a second and third note and a second trust deed, relied upon its promise that it would pay them the proceeds. That this trust was misplaced, that the Allens received no consideration, that they were defrauded, are unfortunate and tragic facts. The judgment they received against the mortgage company is, we judge from the record, worthless. The mortgage company is insolvent. Its affairs were the subject of a grand jury investigation—all matters of little consolation to the Allens, who must suffer the loss of their misplaced confidence. The Hernons were holders in due course under the provisions of our negotiable instruments law, NRS 92.059, 92.066, "free from defenses available" to the Allens against the mortgage company, id. 92.064.

(2) Error is assigned in giving effect to the deed of trust because it was proved that Donald A. Hulihan, an agent of the mortgage company, who executed the certificate of acknowledgment by the Allens, was not at the time a notary public. Appellants refer to our statutes requiring acknowledgment of instruments conveying real property and providing that upon such acknowledgment they may be recorded. Picetti v. Orcio, 57 Nev. 52, 58 P.2d 1046, 57 Nev. 65, 67 P.2d 315, is cited by appellants in support of the contention that the defective acknowledgment made the instrument void. Such is not the holding of the case, nor are the facts in point. Appellants refer to many cases in which the certificate of acknowledgment for one reason or another has been held void. We are here concerned, however, with the simple question whether lack of an acknowledgment or a defective acknowledgment before a notary public rendered the deed of trust void as between the Allens and the mortgage company on the one hand and the Hernons on the other hand as transferees of the mortgage company.

Such is not the case. The statutory provisions relating to the acknowledgment and recordation of such instruments are for the protection and security of creditors and purchasers. Such provisions do not prevent the passing of title by the grantor to the grantee. Kimbro v. Kimbro, 199 Cal. 344, 249 P. 180, citing 1 Devlin on Real Estate, 3d Ed., 817. In American Law of Property, vol. III, sec. 12.60, page 307, it is said: "However, except as made so by statute, the certificate of acknowledgment is not a part of a deed and is required only for the purpose of entitling it to be recorded and to be received in evidence without other proof of execution." No statute of this state voids a deed, as between the parties, for failure of acknowledgment.

(3) Appellants insist, however, that in any event the lack of an acknowledgment certificate by a duly authorized notary public on the deed of trust rendered the instrument void because the property comprised the unrecorded homestead of the parties, and that in such case under NRS 123.230 the improperly acknowledged deed of trust was void. That section provides: "That no deed of conveyance or mortgage of a homestead as now defined by law, regardless of whether a declaration thereof has been filed or not, shall be valid for any purpose whatever unless both the husband and wife execute and acknowledge the same as now provided by law for the conveyance of real property." It is true that appellants lived upon the premises and made it their home. However, the record shows that they held the property not as community property but in joint tenancy. Accordingly, NRS 123.230 has no application. Mullikin v. Jones, 71 Nev. 14, 278 P.2d 876.

(4) Appellants also assert that the assignment of the deed of trust from the mortgage company to the Hernons was void because it purported to be acknowledged before one Donald Aguirre who likewise was not at the time a notary public. Aguirre executed a certificate of corporate acknowledgment of the execution of this instrument.

What we have said with reference to the acknowledgment of the deed of trust by the Allens applies to like extent to the acknowledgment of the assignment.

(5) It is further contended that the assignment was void because it did not contain the corporate seal. This contention is made without support and is without merit. It is contended that the assignment was void because Ressell and Hulihan, who signed, respectively, as president and secretary, were not such corporate officers. Several of the instruments received as exhibits in the case were executed in the name of the corporation by Ressell and Hulihan as president and secretary respectively, and bore the corporate seal. By reason of the assignment of the promissory note and by reason of the assignment, thus executed, of the deed of trust securing same, the Hernons, having been issued a policy of title insurance from Pioneer Title and Trust Company to the effect that the assignment was "good and valid and vests title to such beneficial interest" in the Hernons, authorized the release to the mortgage company of the $6,000 it had deposited for the purpose with the title company. Under these circumstances the learned trial judge refused to accept the contention of the Allens that these circumstances were all nullified by a certificate from the secretary of state showing that in the previous year filings in his office showed persons other than Ressell and Hulihan to be such officers. We see no error in this conclusion. Appellants further contend that the assignment of the deed of trust was void because the statutory form of corporate acknowledgment was not followed in the notarial certificate. As between the parties a defective acknowledgment, however, does not invalidate the instrument. Perris v. Perris, 115 Utah 128, 202 P.2d 731; Cornett v. Maddin, 277 Ky. 480, 126 S.W.2d 871. See Tiffany on Real Property, Vol. 9, p. 185, sec. 1027.

Appellants also assert that the assignment of the deed of trust by the mortgage company to the Hernons was

void because of the secretary of state's further certificate that its charter was revoked the first Monday in March, 1956, "for failure to file said list and pay the statutory fee and penalty of $7.50." Again, as between the parties to the instrument, it was not for this reason void. See Porter v. Tempa M. & M. Co., 59 Nev. 332, 93 P.2d 741.

(6) It is further contended that the Hernons were not holders in due course because at the time of their acceptance of the note from the mortgage company the same contained an apparent alteration. When this point was urged to the district court, that court said: "[I]t cannot be observed from a casual observation of it that there was any erasure made, I do not think it is sufficient to put one on notice in my opinion, if I were accepting the paper, I certainly wouldn't regard that as an alteration. I couldn't from its formal appearance. Now, maybe it was, I don't know, maybe a handwriting examiner of questioned documents might put this under a high-powered microscope and he might discover that it had been altered, but certainly a person in the ordinary course of business would not regard that as being an alteration in my opinion." Under such circumstances the trial court was justified in holding that the note was "complete and regular upon its face." NRS 92.059. The authorities cited by appellant to the effect that "when a mere inspection of an instrument shows that it has been altered, a purchaser is not a holder in due course, because such note is not regular on its face (NRS 92.132, defining an alteration which changes the date as a material alteration) are accordingly not in point.

(7) Appellants contend that the facts show a total failure of consideration passing to the Allens. Since the Hernons were holders in due course, this was no defense as against them. NRS 92.035.

(8) Appellants contend that the trial court was in error in holding that the *acknowledgments* of the instruments were valid. The court did not so hold. It held that

the instruments, as between the parties and as affecting the Hernons, were valid.

(9) Appellants further contend that the court erred in not holding against the Hernons because the latter were under the duty and obligation "of inquiry to determine authority of corporate officers to endorse or transfer corporate instruments." In support of this contention appellants cite: Hardy v. Black Mammoth M. Co., 47 Nev. 275, 220 P. 241, and Burnham Loan & Investment Co. v. Sethman, 64 Col. 189, 171 P. 884, L.R.A. 1918F, 1158. These cases do not support appellants' contention. Under the facts found there were no circumstances that put a duty of inquiry on respondents. See 66 C.J.S. 642, Notice, sec. 11.

The Hernons had filed a cross complaint in the action seeking foreclosure of their deed of trust, making the title company a cross defendant in order to dispose of all interests. The court, in leaving the parties where it found them, upheld the lien of the deed of trust but refused to order a foreclosure. No cross appeal was taken. The mortgage company, as above noted, acknowledged its fraud and confessed judgment. Neither the mortgage company nor the title company are respondents in the present appeal. Accordingly, though these matters are discussed in the briefs, no issues arising out of these circumstances are presented to us.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.