EVELYN L. GROSS, APPELLANT, v.
VERNE A. LAMME, RESPONDENT.

No. 4346

April 17, 1961                                    361 P.2d 114

C. *Norman Cornwall,* of Las Vegas, for Appellant.

*John F. Mendoza* and *Carl E. Achee,* of Las Vegas, for Respondent.

**O P I N I O N**

By the Court, McNAMEE, J.:

This is an action brought by appellant against Mike Gordon's Buckhorn Bar, Inc., a corporation, and Verne A. Lamme on the following promissory note:

"$3,600.00    Las Vegas, Nevada,    5-2-1959

In instalments as herein stated, for value received, the undersigned, jointly and severally, promise to pay to the Kool Temp Inc. or order, at Las Vegas, Nevada the principal sum of Thirty six hundred and No/100 Dollars with interest * * * payable One Hundred and No/100 Dollars each on the fifth day of each consecutive month, beginning on the fifth day of June, 1959. * * *

Should an attorney be employed to procure payment hereof by suit or otherwise, the undersigned agrees to pay a reasonable sum as attorney's fees therefor. * * * The makers, endorsers and guarantors of this note waive presentment for payment, protest, notice of protest, demand for payment, notice of non-payment and declaration of acceleration of payment. * * * The makers and endorsers of this note waive the statute of limitations for fifteen years after legal expiration, and agree to pay twenty-five percent of the balance due if it is necessary, to assign the note to an agency for collection.

MIKE GORDON'S BUCKHORN BAR, INC.
Verne A. Lamme Pres.
M. H. Gordon Sec'y"

(Seal)

On the back of the note appeared the following:

"                    Verne A. Lamme—Pres
                    M. H. Gordon    —Sec'y

For value received, I hereby guarantee, absolutely and unconditionally, the payment of this note, * * * at the times and according to the terms expressed therein, with all costs of collection thereof, including reasonable attorney's fees in any action on said note or on this guaranty and authorize the granting of extensions of time or other indulgences to maker and alterations and amendments of any instruments securing said note and sales of and the taking and releasing of any security, whether real or personal property, the discharging or releasing of any party or parties, and the making of compositions or other arrangements with the maker or principal, all without notice to me and same shall not affect my liability. I hereby waive the right to require the holder of this note to proceed against the maker or any other party or to proceed against or apply any security the holder may hold, and waive the right to require the holder to pursue any other remedy for my benefit, and agree that the holder may proceed against me for the amount hereby

guaranteed without taking any action against the maker or any other party and without proceeding against or applying any security the holder may hold. * * * Demand, presentment for payment, notice of nonpayment, and protest waived.

> Verne A. Lamme—Pres.
> M..H. Gordon Sec—
> Kool Temp, Inc. by John Pierce, Pres.
> Liberal Loan and Discount Co
> Leslie Dévor, Treas."

As appears from said note the payee therein, Kool Temp, Inc., indorsed the note in blank and the evidence shows that it was thereupon delivered to Liberal Loan and Discount Co. The latter thereafter transferred the note to First Southern Corporation by indorsement and delivery. Subsequently thereto First Southern Corporation, by a separate instrument, assigned the note to appellant for collection. First Southern Corporation became the holder of the note before it was overdue. There is no evidence to show that it took the note otherwise than in good faith or that it had notice of any infirmity in the instrument.

The lower court gave judgment in favor of the plaintiff against Mike Gordon's Buckhorn Bar, Inc., for the balance due on the note, but refused to hold Verne A. Lamme individually liable on the note. This appeal is from that portion of the judgment which fails to hold Verne A. Lamme liable as an individual.

Although the Findings of Fact and Conclusions of Law do not expressly refer to First Southern Corporation as a holder in due course, under NRS 92.059 it necessarily became such when, as appears from the evidence, it took the instrument which was complete and regular upon its face, before it was overdue, in good faith and for value, without notice of any infirmity in the instrument or defect in the title of the person negotiating it. If it be a fact that the maker of the note received no consideration therefor or if it received consideration which thereafter failed, such defense resulting to the maker from lack or failure of consideration

would not be available as against a holder in due course. Allen v. Hernon, 74 Nev. 238, 328 P.2d 301; NRS 92.035. Likewise, any such defense would not be available as against the assignee of a holder in due course, NRS 92.033, such assignee being a holder within the meaning of NRS 92.033 by virtue of NRS 92.041 and subsection 7, NRS 92.002. Being a holder who derives her title through a holder in due course (the assignor), appellant as assignee, has all the rights of her assignor "in respect of all parties prior to the latter." NRS 92.065.

Appellant's main argument for reversal of the judgment insofar as respondent is concerned relates to the failure of the trial court to hold respondent liable in his individual capacity. It is clear to us that the trial court erred in finding that respondent Lamme signed the instrument on the back thereof in his representative capacity as president.

NRS 92.027 provides:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative [capacity] character, without disclosing his principal, does not exempt him from personal liability."

It is to be noted that Lamme on the back of the note signed the instrument first as an indorser, which under NRS 92.036 made him an accommodation party, liable to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. His signature did not disclose that he signed for or on behalf of a principal. The mere addition of a word describing him as a president without disclosing the name of a principal does not exempt him from personal liability. NRS 92.027. The same is true with respect to his signature after the words of guarantee.[1] There, likewise, he signed his name, with the

---

[1]The personal liability of M. H. Gordon, the other indorser, is not an issue in this case.

notation "Pres." following his signature, without disclosing his principal. Although the name of a principal is disclosed on the front of the instrument as the maker thereof where he signed as an officer of Mike Gordon's Buckhorn Bar, Inc., such corporate name will not be inserted by implication either to the indorsement in blank or to the guarantee. To do so would make both the blank indorsement and the guarantee redundancies. See Chesebro, Robbins and Graham v. Leadbetter, 19 Conn. Sup. 422, 116 A.2d 578. The contract of indorsement as well as the contract of guarantee are separate and distinct obligations from the obligation contained in the note itself. First State Bank v. Ovalo Warehouse Ass'n (Tex.Civ.App.) 276 S.W. 773.

The judgment is reversed and the cause remanded with instructions that the lower court enter judgment against not only Mike Gordon's Buckhorn Bar, Inc., but also against Verne A. Lamme for the amount found due on the note, together with the attorney fees allowed and costs, total sum to draw interest thereon at the rate of 7 percent per annum from March 21, 1960, the date of the original judgment.

Costs to appellant.

BADT, C. J., and PIKE, J., concur.

### COMPARATIVE SECTION TABLES

Nevada Revised Statutes (NRS) to
Uniform Negotiable Instruments Act

| NRS 92.002 | U.N.I.A. 191 |
| NRS 92.027 | U.N.I.A. 20 |
| NRS 92.033 | U.N.I.A. 26 |
| NRS 92.035 | U.N.I.A. 28 |
| NRS 92.036 | U.N.I.A. 29 |
| NRS 92.041 | U.N.I.A. 34 |
| NRS 92.059 | U.N.I.A. 52 |
| NRS 92.065 | U.N.I.A. 58 |