JOHN SCHMIDT, Respondent, *v.* CASPAR SCHMAELTER and JOHN
KELLNER, Appellants.

1. *Notes and bills — Probata and allegata — Verdict, amendments after.*—A.,
   B., and C. were sued as the makers of a promissory note. The proof showed
   that a firm, of which A. and B. were two of the members, by its copartner-
   ship name, together with C., actually made the note. *Held*, that the defect
   in the description did not amount to a misdescription. The case was not one
   where the allegations were unproved in their entire scope and meaning, in the
   sense of the statute (Gen. Stat. 1865, p. 683; Wagn. Stat. 1058, § 1); and an
   amendment of the defect after judgment, in accordance with the statute
   Wagn. Stat. 1084, §§ 5, 6), furnished a perfect protection against a second
   suit on the same note.
2. *Bills and notes — Signature of maker on back of note — Co-surety, etc.*—It
   is of no consequence that the signature of the maker is placed on the back
   of the note, so that he signs it as a maker; nor does it make any difference
   that, as between himself and his co-makers, he is a surety.

*Appeal from St. Louis Circuit Court.*

*F. & L. Gottschalk,* for appellants.

I. There was a fatal variance between the pleading and proof.
(2 Greenl. on Ev. 142, § 160; Edw. on Bills, 574; Cotes v.
Campbell, 3 Cal. 191; Spangler v. Pugh, 21 Ill. 85.)

Schmidt v. Schmaelter et al.

II. Plaintiff sues on one contract and proves another. He describes defendant Kellner as maker, and proves him as security. This is fatal. (Perry v. Barrett, 18 Mo. 140 ; Edw. on Bills and Prom. Notes, 204, § 217.)

III. A judgment erroneous as to one, is so to all. (Covenant Mutual Life Ins. Co. v. Clover, 36 Mo. 392 ; Cates v. Nickell, 42 Mo. 168.)

*Stewart & Wieting*, for respondent, cited Powell *et al.* v. Thomas, 7 Mo. 440 ; Lewis *et al.* v. Harvey *et al.*, 18 Mo. 74 ; Perry v. Barrett, *id.* 140 ; Schneider v. Schiffman, 20 Mo. 571 ; Baker v. Block, 30 Mo. 225 ; Buchner v. Liebig, 38 Mo. 188 ; Wagn. Stat. 1036, § 19, ¶ 9 ; Jones v. Louderman, 39 Mo. 207; Washb. Pl. 120–182 ; Carter v. Hope, 10 Barb., S. C., 180 ; Fay v. Grimstead, *id.* 321 ; 1 Chit. Pl. 49 ; *id.* 336–7 ; Rice v. Shute, 5 Burr. 261 ; Caldwell v. Caldwell, 7 Mass. 68 ; Every v. Merwin, 6 Cow. 360 ; Fay v. Golding, 10 Pick. 122 ; The Boston Timb. Co. v. Persons, 2 Hill, 126 ; Morris v. Wadsworth, 17 Wend. 103.

Currier, Judge, delivered the opinion of the court.

The plaintiff sued Caspar Schmaelter, Adam Diefenbach, and John Kellner as the makers of a negotiable promissory note, which was alleged to be lost. The proof was that the firm of Michael Diefenbach & Co. and John Kellner made the note, and that Caspar Schmaelter and Adam Diefenbach were members of the firm. The defendants insist that the proof was totally variant from the allegations, amounting to a total failure of proof. Granting that the note was defectively described, the defect did not amount to a misdescription. The description was good as far as it went. The proof shows that the parties who were alleged to be the makers of the note were so in fact. In this respect there was a literal correspondence between the allegation and proofs. It is far from being a case where the allegations are unproved in their " entire scope and meaning," in the sense of the statute. (Gen. Stat. 1865, p. 683, § 1.) Nor is it a case where one contract is alleged and another is proved ; nor

ST. LOUIS

does the fact that the note was lost make any difference. That has nothing to do with the identity of the contract. The amendments made after judgment, in accordance with the statute (2 Wagn. Stat. 1034, §§ 5, 6), furnish a perfect protection to the defendants against a second suit upon the same note, and remove all ground of cavil on that point.

There is no force in the objection founded upon the fact that Kellner signed the note by writing his name upon the back instead of upon the face of it. It is of no consequence on what part of the note his signature was placed, so that he signed it as an original maker. Nor does it make any difference that, as between himself and Diefenbach & Co., he was a surety. He was not the payee of the note ; nor was he, in any legal sense, an indorser. (Perry v. Barrett, 18 Mo. 140 ; Buchner v. Liebig, 38 Mo. 188.) The law on this subject has been long and well settled.

Let the judgment be affirmed. The other judges concur.