THE MASTIN BANK v. HAMMERSLOUGH *et al., Appellants.*

1.  **Justices' Courts:** NO WRITTEN STATEMENT NECESSARY IN SUITS ON NOTES.   In a suit upon a promissory note in a justice's court, no statement of the plaintiff's cause of action need be filed.   The filing of the note is all that is required, even in cases where it does not appear from anything on the instrument how plaintiff's claim arises.   Defendant may, if he chooses, before proceeding to trial, require plaintiff to make a verbal explanation of this.

2.  **Promissory Note:** RATIFICATION.   If the maker of a note payable to A and indorsed by B as surety with the understanding that it is to be discounted by A, procures it to be discounted by C instead, B cannot on this ground, resist recovery by C or any one claiming under him, if, after the discount, with a full knowledge of all the facts, he either expressly or impliedly promised to pay the note.

3.  **Instructions.**   A party cannot in this court claim reversal of a judgment on a theory of the law in conflict with instructions given at his instance in the court below.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*J. D. S. Cook* for appellants.

*J. H. Lipscomb* and *Karnes & Ess* for respondent.

HENRY, J.—The plaintiff sued defendants in a justice's court on the following note:

$200.    Sixty days after date we promise to pay to the Kansas City National Bank $200.    October 5th, 1874.

J. R. MARSH,

E. A. STEVENS.

On the back of the note J. W. McIntosh and Hammerslough wrote their names, and not being payees or indorsers, they were joint makers.  *Powell v. Thomas,* 7 Mo. 430; *Schneider v. Schiffman,* 20 Mo. 571; *Baker v. Block,* 30 Mo. 225; *Chaffee v. Railroad Co.,* 64 Mo. 193; *Semple v.*

*Turner*, 65 Mo. 696. Plaintiff filed the note with the justice, but filed no other statement of his cause of action· There was a judgment for plaintiff, from which defendants appealed to the special law and equity court, in which plaintiff again had judgment, and defendants have prosecuted their appeal to this court.

. The defendants, on the trial, objected to the introduction of any evidence on the ground that there was no state-

2. JUSTICES' COURTS: no written state ment necessary in suits on notes.

ment of a cause of action in favor of plaintiff against defendants, and that the filing of ·the note with the justice was insufficient, as a statement. The statute provides that: "Whenever any suit (in a justice's court) shall be founded on any instrument of writing, purporting to have been executed by the defendant, such instrument shall be filed with the justice before any process shall be issued in the suit." § 9, Wag. Stat., 813. Section 10 requires the plaintiff, in a suit founded on an account, to file a bill of the items of such account, before any process shall be issued in the suit. Section 13 provides that: "In every suit not founded on an account, or an instrument of writing, a statement of the facts constituting the cause of action shall be filed with the justice before any process shall be issued in the suit." Section 12, Wagner's Statutes, page 822, authorizes the justice, on the application of the defendant, or on his own motion, to require the plaintiff to make a brief verbal statement of the nature of his demand. We think it manifest, from these provisions taken together, that a written statement of the plaintiff's cause of action is only required when the suit is not on an account, or an instrument of writing which purports to have been executed by defendant. It is true, the note in this case discloses no demand that plaintiff has, as he was neither payee or indorsee; but under section 12 the defendants, when they appeared, could have had a particular verbal statement of the facts upon which plaintiff relied for a recovery, if they desired it. *Coughlin v. Lyons*, 24 Mo. 534.

The remaining questions to be considered were raised by the evidence and instructions.

It was agreed that the note in question was never discounted by the Kansas City National Bank, was never owned or held by that bank, or any of its officers, or transferred by the bank or any of its officers to any other person, and that it was never presented to that bank for payment. The evidence for plaintiff was to the effect that the note was made with a view to having it discounted at the said National bank for the benefit of Marsh; but the bank having closed for the day, Marsh induced one A. J. Carter to take the note and advance the money, first getting Hammerslough's indorsement, which was not on the note when Carter was first asked to advance the money; that Stevens, after A. J. Carter returned from Texas, whither he had gone the morning after the transaction, asked Carter if Marsh had paid the note, stating that Marsh had promised to do so. W. W. Carter, with whom A. J. Carter left the note when he went to Texas, testified that the day after the note was made he went to see Hammerslough and showed him the note. The latter looked at it and said, "All right; I am busy now; come down again." The next day he again went to see Hammerslough, and was again told to call again, and at a final interview, Hammerslough told him he would pay him $50 rather than have any trouble about the note. All this occurred before the note was due. Plaintiff also proved a purchase by him of the note from A. J. Carter for a valuable consideration.

For the defense Stevens testified that he signed the note as surety, with an understanding that it was to be discounted at the Kansas City National Bank, and not elsewhere. Hammerslough's testimony was to the same effect, and he also testified that he did not, at any time, authorize Marsh to dispose of the note to Carter, or any one else, and did not tell him that he would take up the note in the morning, or anything of the kind; that when Mr. Carter next morning came to witness' store and showed him the

note, he supposed that Carter wanted him to go with him to the bank and try and get it discounted, and told Carter that it was " all right," and to call again ; that he did not want the bank to discount the note, and asked some of the officers not to do it. Carter called several times on the following days, but witness put him off, as he did not want to go to the bank to get the note discounted.

The court, for plaintiff, instructed the jury, that if defendants signed the note as sureties, payable to the Kansas City National Bank, still, if Carter advanced the money on the note, and the said bank never owned the note, and defendants were informed that Carter had so advanced the money, and they approved of the act of Marsh in procuring the money on the note from Carter instead of the bank, the plaintiff was entitled to recover. For the defendants the court instructed the jury, that if defendants signed the note with the understanding that it was to be presented to the said bank for discount, and Marsh afterward, without authority from the defendants, delivered it to Carter, they were not bound, unless they subsequently ratified the same, and that to constitute such ratification, the defendants must, with full knowledge of all the facts and circumstances of such delivery, have expressly or impliedly promised to pay the same.

It is now contended that the instrument sued on was not a promise to pay Carter, and, therefore, he had no claim upon Hammerslough by reason of any advances made by him upon it. This is in the face of the instruction asked by defendants, and given by the court, which was, that if with a knowledge of the facts, the defendants ratified the transaction between Marsh and Carter, plaintiff could recover, otherwise not. Numerous instructions, asked by defendants, were refused, but we think those given presented the law of the case, as the defendants' counsel then understood it, and it is not for us to reverse the judgment for errors in instructions asked by themselves, and given by the court.

But we think the case very fairly presented to the jury by the instructions given, and the judgment is affirmed. All concur.