GOLDEN CITY BANKING COMPANY, Respondent,
v. ETHEL MORROW et al., Appellants.

**Springfield Court of Appeals, November 23, 1914.**

1. **PROMISSORY NOTES: Unverified Answer: Admits Execution.** An answer, unverified, in an action on a promissory note, is an admission of the execution of the note.

2. **———: Evidence Reviewed: Fraud.** Action on a promissory note, the unverified answer admitting its execution, defended on the ground of fraud in the procurement of defendant's signature. Evidence reviewed and considered sufficient to sustain a directed verdict for plaintiff.

3. **APPELLATE PRACTICE: Record: Evidence: Presumptions Indulged.** In an action on a note where the trial court saw the documentary and record evidence, it must be presumed that the court properly determined its legal effect, where such evidence does not appear in the record.

4. **———: Burden on Appellant to Establish Error.** The burden is on the appellant to show error.

5. **PROMISSORY NOTES: Consideration: Accommodation Party.** One who signs a note as an "accommodation party" cannot urge the defense of absence of consideration. (Sec. 10000, R. S. 1909.)

6. **BILLS AND NOTES: Accommodation Party: Definition.** An accommodation party is one who signs a note as maker without receiving value therefor and for the purpose of lending his name to some other person. (Section 10000, R. S. 1909.)

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Roscoe Patterson* and *R. A. Mooneyham* for appellant.

(1) False or fraudulent statement made to the surety at the time of the execution of the contract, or during the negotiations leading up to it, is sufficient

ground for annulling it. Benton County Savings Bank v. Boddicker, 105 Iowa, ——; Same case, 75 N. W. 632, 548;. Same case, 67, An. St. 310; Same case, 45, 2 R. A. 321; Trammell v. Swan, 25 Texas, 473; Cooper v. Joce, 1 De F. and J. 240; Same case, 62 Eng. Chan. 184; Same case, 45 Eng. Reprint, 350. (2) Parol evidence is admissible to show that a mortgage or bill was procured by fraud. 2 Ency. Evid., 500; Wilson v. Miller, 72 Ill. 616; Hamon v. Gooddale, 38 Ill. App. 365; White v. Smith, 98 Pac. 766; Savage v. Humphreys, 118 S. W. 893; Baker v. Mining Co., 65 S. E. 656; Hodgkins v. Junham, 193, 531; Keyser v. Hinkle, 127 Mo. App. 62. (3) A surety is not liable if the representations made to him are untrue, although honestly made. Blaney v. Rogers, 174 Mass. 277; Same case, 54 N. E. 561; Harter Co. v. Pierson, 26 Ohio Cir. Ct. 601; Brewing Co. v. Hevey, 13 Ontario, 64.

*Van Pool & Martin* and *H. W. Timmonds* for respondent.

(1) Every negotiable instrument is deemed to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value. Secs. 2774, 9995, R. S. 1909. (2) Parol evidence tending to prove that the cashier told the maker of the note that the bank would not look to her for payment, is inadmissible to vary the liability of the maker of a written contract. Bank v. Forsyth, 28 L. R. A. (N. S.), 503; Crim v. Crim, 162 Mo. 553; Kessler v. Clayes, 147 Mo. App. 98. (3) To overturn a written contract on the ground that same was procured by fraudulent representations, the rule is, "That the court should be satisfied by the clearest evidence of such fraudulent representations, and that they were made under such circumstances as show that the contract was founded upon them." Bailey v. Smock, 61 Mo. 213; Bank v. Dowler, 167 Mo. App

373. (4) In order to recover for a fraudulent repre-
sentation, the aggrieved party must show that she
would have acted otherwise had she known the falsity
of the representation. Wann v. Sullivan, 210 Mo. 487.

ROBERTSON, P. J.—This is an action on a prom-
issory note dated May 14, 1912, signed by defendant
and another. The defendant's answer, being unveri-
fied, admits the execution of the note, but it undertakes
to allege fraud in the procurement of her signature
thereto and absence of consideration to her for sign-
ing. Upon a jury trial the court directed a verdict for
the plaintiff for the face value of the note. Judgment
was entered thereon and defendant has appealed.

As we understand appellant's brief, there is but
one question urged here, which is that the court erred
in directing the verdict because her testimony tended
to prove that her signature was procured by fraud.
The testimony is to the effect that a defaulting cashier
of plaintiff bank and his wife, in company with the
man who succeeded him as such cashier, went to de-
fendant's home one evening in 1909 and requested her
to sign a note with the defaulting cashier's wife. This
she did, of which the note in suit is a renewal, but just
what was said to her before doing so is difficult to even
surmise from the testimony. The most that can be
said of it, and more than we think is really justified,
is that she was induced by these parties, including the
then cashier of plaintiff's bank, by a promise, that the
deposed cashier's wife would give her a note signed by
her and a chattel mortgage on her household furniture
and piano to indemnify her, which was done shortly
thereafter, and which all the parties there present as-
sured her was ample to protect her, and we may con-
cede, told her that the property was free of liens. The
defendant testified that the furniture was sold on exe-
cution, whether by reason of a levy having been made
before she got her mortgage or by reason of her failure

to file or record her mortgage in the office of the recorder of deeds we cannot determine.    The chattel mortgage, a writ of attachment, a judgment and a special execution were offered in evidence, but none · of them, nor their substance, is set out in the abstract of record.  The trial court saw this evidence and we must presume properly determined its legal effect.   "The burden is on appellant to show error."   [Gardiner v. Robertson, 208 Mo. 605, 611, 106 S. W. 645, and Rankin v. Railroad, 150 Mo. App. 32, 46, 129 S. W. 755.]   The defendant, assuming that plaintiff's cashier made any representations as to the household furniture that would bind it, failed to show that they were false.  The appellant testified at the trial, on February 20, 1914, that the sale under the execution was "maybe a couple of years ago."  This was all the testimony on that point.   It also appeared in evidence that defendant did get the piano of the ex-cashier's wife, which cost six or seven hundred dollars when new, four or five years before the date of trial, but that she gave it back to the woman.

If the question of the absence of consideration is intended to be urged here in behalf of appellant, which we think it may, that contention is readily answered by section 10000, Revised Statutes 1909, defining an accommodation party as one who signs a note as maker without receiving value therefor and for the purpose of lending his name to some other person.  The undisputed testimony is that the parties desired the appellant to sign the note with the ex-cashier's wife, as an accommodation maker, and that she so signed, so that the defense of absence of consideration was properly ignored by the trial judge.  We do not find anything in the record which convicts the trial court of error, and must, therefore, affirm the judgment.  Affirmed.

*Farrington* and *Sturgis, JJ.,* concur.