JOHN M. STEPHENS, Respondent, v. A. P. BOWLES, IDA BOWLES, J. H. ODGEN and E. L. VERNON, Appellants.

**Springfield Court of Appeals, November 25, 1918.**

1. **BILLS AND NOTES: Who are Holders.** Rule that one signing his name on the back of a note, not otherwise being a party, is prima facie a maker, was abrogated by the adoption of the Negotiable Instrument Law in 1905.

2. ————: ''Indorser:'' ''Surety.'' One who signs his name "as surety" on the back of a note before delivery is not an "indorser" within the meaning of Revised Statutes 1909, section 10033, and is primarily and absolutely liable, as much as the maker.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. J. & C. C. Cope* and *G. C. Dalton* for appellants.

BRADLEY, J.—Plaintiff brought suit on a promissory note, and upon trial before the court without the intervention of a jury, recovered, and defendant, Vernon, appealed. The note is in the usual form, payable to the order of plaintiff, and signed by all the defendants, except Vernon, on the face thereof where makers usually sign. Vernon signed on the back of the note, and wrote the words ''as surety'' after his name. No notice of presentment and non-payment was given defendant, Vernon, and for failure to treat him, as an indorser. he seeks to escape liability.

Defendant, Vernon, asked a declaration of law defining his status as an indorser, and providing that in the absence of the usual notice to an indorser, the finding should be for him. The declaration was refused, and exception saved. Under the law as it was in this State prior to the enactment of the Negotiable Instrument Law one who, not otherwise a party, signed his name on the back of a note was prima facie a maker. [First National Bank v. Payne, 111 Mo. 291, 20 S. W. 41.] But this rule was abrogated by the adoption of the Negotiable Instrument Law in 1905 (Walker v. Dunham et al., 135 Mo. App. 396, 115 S. W. 1086; Phenix National Bank v. Sarah A. Hanlon, 183 Mo. App. 246, 166 S. W. 830; Wurlitzer Company v. Tekla Rossmann, 196 Mo. App. 91, 190 S. W. 636; Bank v. Trust Company, 187 Mo. 494, 86 S. W. 109.] In the Dunham case, supra, the defendants resisting payment had signed their names on the back of the note without any designation of their status or relation to the instrument, and it was there held that they were indorsers, and, no notice being given, were not liable.

Section 10033, Revised Statutes 1909, provides that "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Defendant, Vernon, placed his name on the back of the note, and had he left off the "as surety" there could not have arisen an argument as to his relation to the instrument. Judge REYNOLDS of the St. Louis Court of Appeals in Walker v. Dunham et al., supra, quoting from Crawford's Annotated Negotiable Instrument Law (3 Ed.), says that when a plain man puts his name on the back of a negotiable instrument he ordinarily understands that he is becoming liable as an indorser; and if he puts it there before the instrument is delivered he usually does so for the purpose of giving the maker or drawer credit with the payee or other person to whom the instrument is negotiated.

The words surety has a specific meaning as distinguished from indorser; and in disposing of this cause we must consider that appellant is a surety because he chose his own status, and gave written expression thereto. We cannot say that defendant is an indorser within the meaning of section 10033, supra, because he clearly indicated by appropriate words his intention to be bound otherwise. Appellant cites no case in our own State, and we find none supporting his contention that he became an indorser and entitled to notice. In 4 Words and Phrases (2 Series), 803, quoting from Rouse v. Wooten, 53 S. E. (N. C.) 430, Am. St. R. 875, 6 Ann. Cases 280, decided with the Negotiable Instrument Law in view, a surety on a promissory note is defined as follows: "A surety is an original maker, and becomes primarily and absolutely liable, as much so as the principal, to any party lawfully holding the paper."

It is held in Ballard v. Burton, 24 Atl. (Vt.) 769, 16 L. R. A. 664, that a surety on a note is an original maker, and is primarily liable to any person lawfully holding the paper, and it is further held in that case that the mere addition of the word surety written after the name of a person signing as a surety is not sufficient to make his liability that of an indorser. Our Negotiable Instrument Law has not defined the rights and obligations of a surety on a promissory note, and therefore, we must look to the Law Merchant as construed in this State touching the rights of a surety independent of the Negotiable Instrument Law in the statute. In Hofheimer v. Lasen, 24 Mo. App. 652, it was held that one signing his name as surety for an acceptor of a bill of exchange became primarily liable, indorser. Had he stopped with his signature he would and not entitled to notice of dishonor. To the same effect is Schmidt v. Schraelter, et al., 45 Mo. 502. Our rule seems to be the general rule. 8 C. J. 73 says: "The surety undertakes to pay if the debtor does not. His promise is to pay a debt which becomes his own when

the principal fails to pay. In general the surety's liability as a party to the paper corresponds to that of his principal toward holders of the paper; and the fact that a signer is a surety does not diminish his liability to the holder of the instrument; and where several persons sign a note as comakers they will be liable alike as such, although the word "surety" is added to the signature of some of them. Thus a surety for the drawer is liable as drawer, and a surety for the maker is liable as maker. So where the body of the note describes the makers as principles and as sureties respectively they are nevertheless all liable as makers to the holder of the note."

Appellant argues that because he signed the note, before delivery, on the back not being the payee or indorsee that the presumption is that he became an indorser. Had he stopped with his signature he would have become an indorser, not by presumption, but by statute, but as we have pointed out defendant chose to fix his own status, and we cannot assume that defendant did not mean what he said, when he placed the word surety after his signature.

Appellant makes other assignments of error touching the sufficiency of the petition, which to say the least is very inartistically drawn, and might not survive in a sharp conflict, or close contest, but in view of section 1850, Revised Statutes 1909, we do not feet justified in remanding the cause.

Respondent has not favored us with a brief in support of his judgment; and we desire to say here that we do not commend the conduct of a respondent in resting on his oars after he has successfully passed the trial court. We find no error affecting the substantial rights of the defendant. The judgment below is therefore affirmed. *Sturgis, P. J.,* and *Farrington, J.,* concur.