**Thornton G. DEWEY, Appellant,**

v.

**C. I. T. CORPORATION, Appellee.**

**No. 7309.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1963.

Rehearing Denied Jan. 20, 1964.

Harris E. Lofthus, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit on a promissory note. C.I.T. Corp., payee, filed suit against appellant, Thornton G. Dewey, seeking to hold Dewey personally liable on the balance due on a promissory note. The note was executed by Tri-State Tire Service, Inc., as maker by Dewey as president. The Corporation was not joined as a defendant as it had previously gone into bankruptcy. The trial court granted C.I.T. a summary judgment against appellant individually and he has perfected this appeal.

On the reverse side of the note the following statement was printed thereon:

"All of the undersigned hereby waive presentment and demand for payment, protest and notice of nonpayment and protest and consent that the holder hereof may, without notice to and *without releasing the liability of any of the undersigned hereunder as unconditional endorser(s)*, compound or release, by operation of law or otherwise, any

rights against, and grant extensions of time to the maker(s) or any endorser(s)." (Emphasis added.)

Below this statement Dewey again fixed his signature. Appellee admitted in open court that the word "individually" was typed alongside Dewey's signature after it had been signed. Appellant contends he at no time intended to bind himself personally on the note; but that he signed the note and the waiver of presentment and demand for payment in his capacity as president of Tri-State Tire Service, Inc., and on behalf of said corporation.

■ It is appellant's position that whether or not he intended to bind himself personally for payment was a fact issue and such fact issue precluded the granting of a summary judgment for appellee. The intention of appellant not to bind himself is not material. Any evidence of such an intention would be inadmissible on the ground it would be an attempt to vary a written instrument by parole evidence. Henslee v. First Nat. Bank of Whitewright, (Tex.Civ.App.), 314 S.W.2d 881; Waxahachie Nat. Bank v. Forreston Gin Co., (Tex. Comm.App.), 46 S.W.2d 666; Blucher v. Eubank, (Tex.Comm.App.), 5 S.W.2d 972. Thus, in view of this well-settled rule, appellant's contention cannot be said to have raised a fact issue.

■ We now must turn to the instrument itself to determine appellant's liability. Section 20 of Article 5932, Vernon's Ann. Tex.Civ.St., the Texas Negotiable Instruments Act, reads:

"Sec. 20. Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

There was nothing to disclose the principal in the contract of endorsement, and there was nothing in the waiver notice to exempt appellant from personal liability. First State Bank of Ovalo v. Ovalo Warehouse Ass'n, (Tex.Civ.App.), 276 S.W. 773, (Error Dismissed, WOJ).

Section 17 of the same act reads:

"Where the language of the instrument is ambiguous or there are omissions therein, the following rules of construction apply: * * *

"6. Where a signature is so placed upon the instrument that it is not clear ' in what capacity the person making the same intended to sign he is to be deemed an indorser"

Section 63, Article 5936 reads as follows: "Sec. 63. A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

We therefore conclude the endorsement of appellant on the back of the note did not restrict his liability to his representative capacity, but the endorsement rendered him personally liable for the payment of the note as an indorser.

■ Appellant next contends that even though he may be liable on the note he cannot be held liable for the payment of the fifteen per cent attorneys' fees provided for in the note. Appellant argues that there can be no liability on his part for attorneys' fees in the absence of an express agreement on the part of a grantor or surety, and in the absence of evidence of reasonableness of the attorneys' fees. These contentions are not supported by the authorities. The Supreme Court in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, held:

"It is now settled that as between the legal owner and holder of a promissory

note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable."

The record shows appellant did not raise an affirmative issue relative to either of these conditions. We therefore hold the points of error present no reversible error.

The judgment of the trial court is affirmed.

Affirmed.