**RECEIVABLES FINANCE CORPORATION,**
a Corporation, Respondent,

v.

**Frank H. HAMILTON and William
T. Hamilton, Appellants.**

*No. 51494.*

Supreme Court of Missouri,
Division No. 2.

Nov. 14, 1966.

Milton Yawitz, Allen A. Yoder, St. Louis, for plaintiff-respondent. Rassieur, Long, Yawitz, Koenig & Schneider, St. Louis, of counsel.

John D. Gallagher, Clayton, for defendants-appellants.

EAGER, Presiding Judge.

Plaintiff, assignee of Shainman & Company, Inc., a bankrupt, sought to recover against the defendants individually as endorsers of three trade acceptances. The suit was in three counts. The instruments were drawn by Miller-Shainman Company (the predecessor in name of plaintiff), two on August 30, 1960, and one on November 18, 1960, in the respective amounts of $15,000, $16,000, and $20,000; the first two were accepted by Westroads Humpty Dumpty Toy & Record acting through defendants, who were therein specifically designated as its President and Secretary, and the third was accepted by Humpty Dumpty Playland Stores, Inc., acting through defendants, also specifically designated as its President and Treasurer. Both acceptors were corporations. All three instruments were regularly delivered; they were payable, respectively, on December 10, 1960, December 29, 1960, and January 10, 1961. On the backs of the first two instruments the following endorsements were made:
"William T. Hamilton Pres.
Frank H. Hamilton Secy."

On the third, the identical endorsements appear except that the abbreviation "Sec'y" was scratched out and "Treas." written in its place. The facts as to the drawing, the acceptance and delivery, and the endorsements of the three instruments are stipulated, and it is also agreed that all three were duly presented for payment, that payment in each instance was refused, that the defendants were given notice of dishonor and that demand was duly made. The sum of $16,185 had been paid on the third instrument, nothing on the other two. The defendants were officers of the two corporations which accepted the instruments; both corporations were in the business of selling toys, and Shainman & Company, Inc. was a wholesale distributor of toys.

The essential defense was that the endorsements of the defendants were made and affixed in their corporate capacities and not as individuals; that they are not individually liable. No evidence whatever was introduced except the stipulation of facts, which has already been digested, and the instruments themselves. It was conceded that the plaintiff was the owner of all title and interest in each of the instruments. The court entered judgment for plaintiff in the sum of $34,814.37, with interest from the respective due dates. A motion of the defendants for judgment or a new trial was overruled by lapse of time, and this appeal followed.

The sole question here is whether the endorsements of these defendants, with the added abbreviations of "Pres." and "Sec'y." ("Treas." in one instance) created individual liability on their part. Before going further we quote § 401.020, RSMo 1959, V.A.M.S., which is identical with § 20 of the Uniform Negotiable Instruments Act: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." This statute was first enacted in 1905 (Laws 1905, p. 243 et seq.) and has existed in the same form ever since.

The position of the defendants here is that one is not personally liable on such an endorsement, "where he adds to his signature words indicating that he signs for or on behalf of a principal or in a representative capacity," thus literally following the wording of the first half of § 401.020 quoted above; and, further, that even if such words did not disclose the principal, plaintiff has failed to meet its burden of showing that defendants were principals. Plaintiff, contra, asserts: that no principals were disclosed in the endorsements, that the abbreviations added were mere "descriptio personae," that a construction considering these as corporate endorsements would be

irrational, and that plaintiff fully met its burden of proof.

There have been diverse constructions of the section in question and sundry criticisms of its wording. See, Uniform Laws Annotated, Vol. 5, Part 1, § 20 note, and also pocket parts; Finch v. Heeb, Mo.App., 131 S.W.2d 146. However, the principles which we shall state seem to have emerged rather clearly, according to a substantial weight of authority. We do not confine ourselves to Missouri authorities, for few are really applicable.

█ Where a person, acting with sufficient authority, signs or endorses an instrument in a corporate name with his own signature affixed as an officer, the principal being thus disclosed, he is not individually liable. There can be no doubt of this principle. Reifeiss v. Barnes, Mo.App., 166 S.W.2d 225; Fricke v. Belz, 237 Mo.App. 861, 177 S.W.2d 702. The difficulties arise from the surprising number of variations in the modes of signing.

█ If one signs or endorses an instrument in his individual name, and adds merely a descriptive term or title after his name, such as "Pres.," "Sec'y.," "Trustee," etc., without a disclosure of the principal for whom (or which) he is thus acting, he is liable personally, and the addition is merely "descriptio personae." Rudolph Wurlitzer Co. v. Rossmann, 196 Mo.App. 78, 190 S.W. 636; Myers v. Chesley, 190 Mo.App. 371, 177 S.W. 326; Gayle-Blevins Lumber Co. v. Delhomme, La.App., 159 So.2d 355; Gross v. Lamme, 77 Nev. 200, 361 P.2d 114; Lawhorn v. Wellford, 179 Tenn. 625, 168 S.W.2d 790; Kessel v. Murray, 197 Iowa 17, 196 N.W. 591, 33 A.L.R. 1346; Daniel v. Buttner, 38 Wash. 556, 80 P. 811; Jump v. Sparling, 218 Mass. 324, 105 N.E. 878. In such cases it is generally held that parol evidence is not admissible to establish the fact that only a corporate liability was intended.

█ Some courts have held, on signatures of widely varying types, that the instruments were ambiguous, and that parol evidence should be admitted to ascertain the real intent of the parties. Finch v. Heeb, Mo.App., 131 S.W.2d 146; Washington Mutual Fire Ins. Co. v. St. Mary's Seminary, 52 Mo. 480; McClellan v. Reynolds, 49 Mo. 312; Fricke v. Belz, 237 Mo.App. 861, 177 S.W.2d 702; Robertson v. Club Ephrata, 48 Wash.2d 285, 293 P.2d 752. But it is very generally held that, in order to create such an ambiguity, there must be something more than the mere addition of abbreviations such as "Pres.," "Sec'y.," or "Treas.," and usually the corporate name must appear in some manner on the instrument itself in order to permit such evidence. Myers v. Chesley, 190 Mo.App. 371, 177 S.W. 326. Evidence has thus been admitted: where the corporate name appeared above that of the individual but no title appeared after his name (Belz, supra); where other related documents, generally referred to in the note, clearly showed a corporate liability (Washington Mutual and Robertson, supra); and, where the body of the instrument clearly showed that it was solely a corporate obligation (McClellan v. Reynolds, 49 Mo. 312).

██ In this connection we note that a contract of endorsement is a different and separate contract from that shown on the face of a negotiable instrument. Gross v. Lamme, 77 Nev. 200, 361 P.2d 114; Dewey v. C. I. T. Corp. (Tex.Civ.App.), 374 S.W.2d 298; Davis v. McColl, Mo.App., 184 S.W. 920; 10 C.J.S. Bills and Notes § 217a, pp. 708–709. And in Lamme and Dewey, supra, it is clearly indicated that where liability on an endorsement is involved, the disclosure of the principal must appear in the endorsement itself.

We are not really concerned here with the admission of parol evidence upon a showing of ambiguity. Defendants offered no parol evidence whatsoever, but submitted their case upon the stipulation of facts and the instruments themselves. We are thus required to determine the effect of the endorsements as a matter of law.

No reformation of the instruments has been sought, though such has been granted in some instances, when all requirements were present. See Rudolph Wurlitzer Co. v. Rossmann, 196 Mo.App. 78, 190 S.W. 636, 639. Defendants cite and seem to rely largely upon the case of Finch v. Heeb, Mo. App., 131 S.W.2d 146. We do not consider the case to be applicable here, for the signatures of the individuals sued there as makers appeared under the typed name of their principal, the "Chaffee Lodge No. 735, I. O. O. F.," and the word "Trustees" appeared both above and at the side of their names; the ambiguity supposedly arose from the body of the note which recited that "we as principal, promise to pay * * *." On the facts of that case we have no quarrel with the ruling admitting parol evidence, if indeed the court did not see fit to direct a verdict for the individual defendants. The name of the principal was disclosed on the face of the note. Some of the discussions there of ambiguity and burden of proof were perhaps unnecessary to the decision. Our situation, depending as it does upon the form of the present endorsements, is wholly different. The two other cases cited by defendants do not really merit discussion. And it is perhaps appropriate to repeat here that defendants did not seek to show the supposed intent of the parties by an offer of parol evidence upon a theory of ambiguity.

We note further that it would appear to have been wholly illogical for the holder of the instruments to require endorsements by the respective corporate makers, when their liability was already firmly established as such makers. Gayle-Blevins Lumber Co., Inc. v. Delhomme, La.App., 159 So.2d 355; Chesebro, Robbins & Graham, Inc. v. Leadbetter, 19 Conn.Sup. 422, 116 A.2d 578.

■ No discussion of the burden of proof is necessary. Plaintiff here made a prima facie case of individual liability upon the defendants' endorsements when it introduced the instruments and the stipulation of facts. Defendants thereafter offered no

evidence whatever and plaintiff had no further burden, either of procedure or proof. The court could, under these circumstances, do nothing but render judgment for plaintiff. The amount of the judgment, as such, is not disputed here.

The judgment is affirmed.

All of the Judges concur.