**STATE BANK OF FISK,**
**Plaintiff-Appellant,**

v.

**OMEGA ELECTRONICS, INC.,**
**Defendant,**

**and**

**Morris Adams, Gaylen E. Sanders, Joseph Warbington, Joyce Moore, and James R. Ross, Defendants-Respondents.**

No. 12511.

Missouri Court of Appeals,
Southern District,
Division Three.

May 13, 1982.

Daniel T. Moore, Poplar Bluff, for plaintiff-appellant.

Norman W. Pressman, St. Louis, for defendants-respondents Ross and Moore.

No appearance for defendants-respondents Adams and Sanders.

Dale E. Nunnery, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for defendant-respondent Joseph Warbington.

PREWITT, Judge.

Plaintiff-appellant sued defendants to collect a loan evidenced by this promissory note:

The note was printed on an envelope which opened on the right side. This is the reverse side of the envelope:

Respondents presented evidence that "AS INDIVIDUALS:" was not on the back of the envelope at the time it was signed. Four of the five respondents testified that they signed it in their capacity as officers or members of the board of directors and not individually. The trial judge, sitting without a jury, entered judgment for appellant and against Omega Electronics, Inc. for the amount due on the note and in favor of respondents on appellant's claim against them. Appellant contends that the trial court erred in allowing oral testimony concerning the capacity in which the respondents signed the note because that testimony violated the parol evidence rule and

erred in entering judgment in favor of respondents.

As the trial court did not make findings of fact, we presume that all fact issues were found in accordance with the result reached, Rule 73.01(a)(2), and hereafter consider that at the time the note was signed, "AS INDIVIDUALS:" was not on the back of the note.

█ Parol evidence may not vary or contradict terms of an unambiguous and complete written document absent fraud, common mistake, accident or erroneous omission. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). It may not be used to create an ambiguity in an otherwise unambiguous contract or show that an obligation is other than that expressed in the written document. Id. A document is ambiguous when it is reasonably susceptible of different constructions. *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). The parol evidence rule is a rule of law and not of evidence and evidence offered in violation of it must be ignored, even if received without objection, and a decision made based on the writing alone. *Commerce Trust Co. v. Watts*, 360 Mo. 971, 231 S.W.2d 817, 820 (1950); *Connor v. Temm*, 270 S.W.2d 541, 546 (Mo.App.1954).

█ The law presumes that a written contract embodies the entire agreement of the parties; particularly where it is a promissory note as there the law normally sets forth the status and respective obligations of the parties to it. *Fischman-Harris Realty Co. v. Kleine*, 82 S.W.2d 605, 610 (Mo. App.1935). Numerous decisions indicate that where an ambiguity exists, parol evidence is admissible to aid in determining if an instrument is signed in a representative capacity or individually. See *Receivables Finance Corporation v. Hamilton*, 408 S.W.2d 44, 46 (Mo.1966); *First Security Bank of Brookfield v. Fastwich, Inc.*, 612 S.W.2d 799, 805–806 (Mo.App.1981); *Wired Music, Inc. v. Great River Steamboat Company*, 554 S.W.2d 466, 469 (Mo.App.1977); *Fricke v. Belz*, 237 Mo.App. 861, 177 S.W.2d 702, 706–707 (1944); *Finch v. Heeb*, 131 S.W.2d 146, 147–148 (Mo.App.1939); *Myers v. Chesley*, 190 Mo.App. 371, 177 S.W. 326, 327–328 (1915); 5 Mo.L.Rev. 357 (1940).

We find nothing in either § 400.3–403, RSMo 1978, "Signature by authorized representative", the comments following it in V.A.M.S. or other portions of Article 3, "Uniform Commercial Code—Commercial Paper", which would alter the rule that parol evidence may not vary the terms of an unambiguous note in a dispute between the holder and those who claimed to have signed it in a representative capacity. However, in determining if an ambiguity is present, we believe that § 400.3–402, RSMo 1978 is relevant. It provides that "Unless the instrument clearly indicates that a signature is made in some other capacity it is an endorsement." There is no other indication here; thus, if respondents are liable, it would be as accommodation endorsers. See Sections 400.3–414 and 400.3–415, RSMo 1978. See also *Stephens v. Bowles*, 202 Mo.App. 599, 206 S.W. 589, 590–591 (1918).

█ Respondent Warbington contends that parol evidence is admissible under § 400.3–403(2)(b), RSMo 1978, because this dispute is "between the immediate parties" and "the instrument names the person represented". However, as an endorsement is considered a separate contract, and as the "person represented" was not stated in the endorsement, we do not believe this contention has merit. In *Receivables Finance Corporation v. Hamilton*, supra, signatures on the back of a note, apparently made at the time of its making and before transfer by the holder, were found to be endorsements; the court stated "that a contract of endorsement is a different and separate contract from that shown on the face of a negotiable instrument." 408 S.W.2d at 46. There the court cited *Dewey v. C. I. T. Corporation*, 374 S.W.2d 298 (Tex.Civ.App. 1963), as holding that for a party signing an endorsement to contend by parol evidence that he did so in a representative capacity, the principal must be disclosed in the endorsement.

In *Dewey* the president of a corporation signed on the reverse side of a note. Thereafter, "individually" was typed alongside his signature. The president contended that he signed the note in his capacity as president and did not intend to be personally liable. Such evidence was held inadmissible because of the parol evidence rule. 374 S.W.2d at 299. The principal was not disclosed in the endorsement and the president of the corporation was held to be personally liable.

*Eaves v. Keeton*, 196 Mo.App. 424, 193 S.W. 629, 631 (1917), held that the legal effect of a blank endorsement may not be changed by parol evidence. In *Farmers' Bank of Weatherby v. Redman*, 24 S.W.2d 235, 237–238 (Mo.App.1929), evidence that plaintiff's cashier had stated that the directors of a corporation who signed a note to the bank for a loan to the corporation would not be personally liable was held inadmissible as a violation of the parol evidence rule.

Here there is no designation in the endorsement or elsewhere that the respondents were signing as representatives of another nor is there a disclosure of the corporation in the endorsement. We think that the parties' legal rights and obligations could be clearly determined from the note at the time it was signed and that it was susceptible of only one construction, that respondents were individually liable as endorsers. We hold that parol evidence that they were acting only in behalf of the corporation should not have been admitted or considered.

Respondents Ross and Moore also contend that the judgment should be affirmed because we must conclude that the trial court properly found (1) that lack of consideration had been established; (2) that respondents were sued as makers and they were not makers; (3) that respondents' signatures did not appear on the note as required by § 400.3–401, RSMo 1978; (4) that they were endorsers and there was no evidence of notice of dishonor and protest; and (5) that respondents were entitled to be discharged because appellant impaired the collateral. We find no merit in these contentions.

■ Consideration was present. The evidence disclosed that appellant made a loan to the corporation and that respondents signed on the back of the note as a part of that transaction. Consideration moving to an accommodation party is not necessary to make such a party liable where consideration moves to the party accommodated. *Schulte Transportation Company v. Hewitt*, 299 S.W.2d 568, 575 (Mo.App.1957); *First National Bank of Hamilton v. Fulton*, 28 S.W.2d 368, 371 (Mo.App.1930); *Golden City Banking Co. v. Morrow*, 184 Mo.App. 515, 170 S.W. 448, 449 (1914). See also U.C.C. Comment 3 to § 400.3–415, V.A.M.S. (1965).

■ The petition does not say that respondents are sued as makers or in any other capacity. Certain facts are set forth in it and attached to it are copies of the front and back of the note. The respondents' signatures appeared on the reverse side of the note. That is sufficient to make them endorsers. See *Mastin Bank v. Hammerslough*, 72 Mo. 274 (1880); *Schmidt v. Schmaelter*, 45 Mo. 502, 504 (1870); 11 Am. Jur.2d, Bills and Notes, § 212, pp. 241–242 (1963); Annot., 20 A.L.R. 394, 396 (1922). See also *Stephens v. Bowles*, supra, 206 S.W. at 590. It is customary and proper for an endorsement to be written on the back of a note. 11 Am.Jur.2d, Bills and Notes, § 353, p. 374 (1963); 10 C.J.S. Bills and Notes § 207, p. 692 (1938). See also *Cockrell v. Taylor*, 347 Mo. 1, 145 S.W.2d 416, 421 (1940); *Stephens v. Bowles*, supra, 206 S.W. at 590. No evidence of notice of dishonor and protest was necessary as those were waived by the note. § 400.3–511, RSMo 1978.

■ Respondents Ross's and Moore's entire contention regarding impairment of collateral is stated in their brief as follows:

"Under R.S.Mo. 400.3–606, unjustifiable impairment of collateral discharges accommodation parties. Here, the only testimony regarding the security for the note was that there was no effort to repossess it, therefore, obviously impairing its value. This Court must assume

that the Court below found that the Bank took no efforts to repossess the collateral and, therefore, impaired its value as a matter of law, discharging Defendant/Appellee's [sic] Ross and Moore."

Appellant was under no obligation to repossess or foreclose the security before bringing suit on the note, *State v. Newhart*, 539 S.W.2d 486, 491 (Mo.App.1976); *Boydston v. Bank of Camden Point*, 141 S.W.2d 86, 88 (Mo.App.1940); *Southern Missouri Trust Co. v. Crow*, 272 S.W. 1040 (Mo.App. 1925); 59 C.J.S. Mortgages § 342, p. 473 (1949); § 400.9–501, RSMo 1978. The fact that appellant did not repossess or foreclose the security does not establish that the security was impaired.

The judgment is reversed and the case remanded to the trial court with directions to set aside that judgment and to enter a judgment on the note in favor of plaintiff and against all defendants.

MAUS, C. J., BILLINGS, P. J., and TITUS and FLANIGAN, JJ., concur.