Kenneth L. HARPER, Appellant,

and

Keith Leimkuehler, Defendant,

v.

Gerald W. CALVERT and Ann M. Calvert, Respondents.

No. WD 35767.

Missouri Court of Appeals, Western District.

Dec. 26, 1984.

Rehearing Denied March 5, 1985.

James A. Rahm, Carrollton, for appellant.

James J. Wheeler, Keytesville, for respondent.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

This is a civil action seeking damages for breach of implied warranty and fraud based upon concealment. The judgment is reversed.

Five points are presented, but due to the disposition of this appeal, only one point is taken up as it is dispositive of the matter. In summary, appellant alleges that the trial court erred in its failure to sustain appellant's motions for directed verdict (first at the close of respondents' case and second, at the close of all the evidence) and in failing to sustain appellant's motion for judgment N.O.V., because respondents failed to make a submissible case under the theory of fraud and respondents waived any claim for implied warranty.

The record discloses the following pertinent facts.

On October 4, 1982, respondents purchased a 1979 G.M.C. pickup truck from D & K Auto Sales. Defendant, Leimkuehler, was the owner of D & K Auto Sales. Leimkuehler was the son-in-law of appellant Harper and agreed to sell the truck for Harper. Respondents testified to have "test-driven" the truck several times prior to purchase. As part of the sales transaction, a "Used Vehicle Order" was executed. This "order" contained a declaration, which stated, "Sold as is, no inspection." In addition, a "box" next to the above declaration was marked with an "X". There was also included a declaration, "I hereby make this purchase knowingly without any guarantee, expressed or implied, by this dealer, or his agent." This latter declaration was acknowledged by the signature of respondents.

The evidence failed to reveal that either respondent talked to appellant Harper at any time prior to the purchase. In addition, the evidence regarding any representation made about the truck came from Leimkuehler, and that was to the effect that the truck used no more oil than normal for a diesel truck with over 46,000 miles.

On October 16, 1982, there was a major breakdown of the truck. This breakdown was allegedly due to a faulty repair to the engine when the engine had allegedly failed, and the earlier failure had been cor-

rected by "brazing"[1] the engine, "webbing" and reinforcing the "webbing".

Respondents initiated this action on two counts. Count I was upon fraudulent concealment. Count II was upon implied warranty. The case was submitted to a jury which returned a verdict of $3,000.00 in favor of respondents. This appeal followed.

As noted above, appellant contends that the trial court erred in failing to sustain his motion for directed verdict and for judgment N.O.V., because respondents failed to make a submissible case under Count I of their petition for fraud and that respondents waived their rights to implied warranty by signing the used vehicle order containing the term "as is".

▮ Appellant's point (1) is sustained upon both grounds. In the first instance, respondents failed to make a submissible case of fraud by concealment. "Concealment of an existing fact may amount to actionable fraud, the same as an actionable misrepresentation of a fact." *Metropolitan Paving Co. v. Brown-Crummer Investment Co.*, 309 Mo. 638, 274 S.W. 815, 823 (1925). "Willful and conscious suppression of the truth under such circumstances is as blameworthy as the willful and conscious expression of an untruth." *Metropolitan, supra*, citing to *Wann v. Scullin*, 210 Mo. 429, 109 S.W. 688 (1908).

When fraud is alleged, the burden of proof as to each element thereof falls upon the party asserting the fraud. Fraud is never presumed. *Gibson v. Smith*, 422 S.W.2d 321, 327 (Mo.1968). Failure to prove any one of the requisite elements is fatal to a claim for fraud. *Schnuck v. Kriegshauser*, 371 S.W.2d 242 (Mo.1963).

▮ There is absolutely no evidence upon the record herein that appellant willfully and consciously suppressed the truth surrounding the truck purchased by respondents. In addition, there is absolutely no evidence that appellant intended to deceive respondents by not disclosing the fact that the truck had been previously re-

---

1. Acetylene-welding

paired. There is absolutely no evidence that appellant had knowledge that the truck would be rendered inoperable as a result of the previous "brazing" of and reinforcement of the "engine webbing".

The only evidence regarding the condition of the truck was the comment by Leimkuehler to the effect that the truck used no more oil than any other diesel with more than 46,000 miles. The oil usage was not related to the "brazing" or reinforcement of the "engine webbing".

The evidence shows that appellant Harper did not talk with respondents prior to the purchase.

■ What respondents present to this court as "evidence" of fraud by concealment are statements by appellant's trial counsel in his opening statement as to what the evidence would reveal. Neither Leimkuehler nor Harper testified and respondents presented absolutely no evidence to establish the requisite elements of fraud by concealment. Where an attorney, in his opening statement, merely outlines anticipated proof, as was done herein, such statements are not evidence and no binding admission results. *Rawlings v. Young*, 591 S.W.2d 34, 38 (Mo.App.1979).

A further contention presented by appellant is that respondents failed to make a submissible case for their claim of breach of implied warranty, because the evidence revealed that respondents waived such claim by signing the "as is" statement contained within the "used vehicle order".

Both parties herein refer this court to § 400.2–316, RSMo 1978, which states that all implied warranties are excluded by expressions like "as is". Specifically, § 400.-2–316(3)(a) reads as follows:

**400.2–316 Exclusion or modification of warranties-livestock warranties of fitness to be in writing ...**

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;

■ Over objection, respondents were permitted to introduce testimony to explain why they signed the "as is" statement. The Used Vehicle Order was introduced as an exhibit by respondents. It is part of the record before this court and has been reviewed. A fair reading of that exhibit leads to the conclusion that by its terms, it is unambiguous and is complete. There is no showing of any fraud, mistake, accident, or omission in either the terms of the used vehicle order or in its execution. It was error for the trial court to have permitted introduction of parol evidence relative to the Used Vehicle Order because such parol evidence in effect varied and contradicted the terms thereof. This is prohibited. *State Bank of Fisk v. Omega Electronics*, 634 S.W.2d 234, 237 (Mo.App.1982).

■ Furthermore, parol evidence may not be introduced to create an ambiguity in an otherwise unambiguous contract or to show that an obligation is something other than that expressed in the written document. *Fisk, supra.*

■ The parol evidence rule is a rule of law, not a rule of evidence, and evidence offered in violation of it must be ignored even if received without objection (which is not the case herein), and a decision must be rendered upon the writing alone. *Fisk, supra.*

The evidence herein reveals that testimony, over objection, was allowed during which respondents were permitted to give their interpretation of the "Sold as is, no inspection" provision.

■ The term "sold as is", as a matter of law, means that all implied warranties are excluded. Section 400.2–316(3)(a). The term "as is" is not ambiguous and parol evidence contradicting its meaning is not to be permitted under § 400.2–202, RSMo 1978. Therefore, testimony by respondents should not have been allowed, and the trial court erred in admitting such evidence.

In conclusion, appellant's charges that respondents failed to make a submissible case regarding their claim of fraud by concealment is supported by the record and respondents did fail to make a submissible case on that claim. In addition, the record reveals as a matter of law there was no implied warranty issue in this case. Thus, appellant's position is sustained.

The judgment is in all respects reversed.

All concur.