KANSAS CITY BANK & TRUST CO.,
(The Bank of Kansas City)
Plaintiff-Appellant,

v.

Mark MERRIWEATHER and Nathan
Klarfeld, Defendants-Respondents.

No. WD 36752.

Missouri Court of Appeals,
Western District.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled
and Denied Jan. 28, 1986.
Application to Transfer
March 25, 1986.

Steven M. Leigh, Johnson, Lucas, Bush, Snapp & Burgess, Kansas City, for plaintiff-appellant.

Hamilton & McRorey, Olathe, Kan., Kelly Chestnut, Kansas City, Mo., for Merriweather.

John P. Burnett, Kansas City, Mo., for Klarfeld.

Before TURNAGE, P.J., and DIXON and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

Kansas City Bank and Trust Company brought suit on a promissory note against Roger Otte, Nathan Klarfeld, Lori Klarfeld, and Mark Merriweather. By the time the case was tried Otte had died and his debts had subsequently been discharged in bankruptcy. The court sitting without a jury entered judgment in favor of all defendants. On this appeal the Bank contends there were no defenses shown by the evidence to justify the judgment in favor of the defendants. Affirmed in part, reversed and remanded in part.

Roger Otte was a dentist practicing just across the state line in Kansas. In 1979 Otte was practicing with two other dentists, Klarfeld and Merriweather. Otte decided the dental office occupied by the three should be expanded and for that purpose sought a loan from the Bank. A promissory note dated April 11, 1979, in the amount of $67,494 was prepared and appears to have been signed by Otte, his wife Kathryn, Klarfeld and his wife, Lori, and Merriweather. The note was secured by a security agreement signed by Otte alone granting the Bank a security interest in the leasehold improvements located in the dental office. There was a conflict in the evidence as to whether or not Otte, Klarfeld and Merriweather were practicing as a partnership or as individuals sharing office space. However, the promissory note refers to all of them as comakers and the note does not purport to be signed by any entity except the individuals named. No issue is raised concerning their status as comakers. Merriweather and Klarfeld both testified and admitted they signed the note. Lori Klarfeld testified and denied she signed the note and there was no evidence to the contrary.

Prior to the filing of this suit the Bank released Kathryn Otte from all liability on this note and on three other notes which she and Roger had signed and given to the Bank.

Prior to the death of Otte, Klarfeld had left the office used by the three dentists and had ceased practicing with Otte. Merriweather continued to see patients at that office under the direction of a fourth dentist after Otte's death until the practice closed.

Merriweather and Klarfeld both testified they had no interest in the accounts receivable arising from the dental practice and taken over by the Bank. The Bank realized about $60,000 from these accounts receivable and applied that sum to other notes signed by Otte, but not to the note signed by Merriweather and Klarfeld.

The Bank did not make any attempt to recover any of the leasehold improvements consisting of wiring, water and gas lines, sinks, dental sinks, lab benches, cabinets, and wallpaper. After the three dentists defaulted on a loan, dental equipment used in the office was seized by Jackson County State Bank and sold to the Bank. The Bank then sold the equipment and credited the profit realized on that sale to the note in question.

■ The court did not enter findings of fact and conclusions of law. Review is under the standard announced in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). All factual issues are deemed to be found in accordance with the result reached and the judgment must be affirmed under any reasonable theory supported by the evidence. *Montrose Savings Bank v. Landers*, 675 S.W.2d 668, 669[1, 2] (Mo.App.1984). The Bank contends that the evidence does not support any legal defense and therefore the judgment is unsupported by the evidence. Merriweather and Klarfeld contend that the note in question has been paid. This conclusion is reached in the following manner. Otte and his wife, Kathryn, signed three promissory notes to the Bank and in addition signed the note involved here. Under *Bishop v. United Missouri Bank of Carthage*, 647 S.W.2d 625 (Mo.App.1983), the release of

Kathryn by the Bank without the consent of Otte and without an express reservation of rights against Otte released Otte on such notes to the extent of one-half. The argument proceeds that by reducing the balance due on these three notes by one-half, and by reducing the balance due on the note here by 20% by reason of the release of Kathryn, there was a balance left on all notes which was satisfied by money the Bank received and credited to the various notes. The Bank contends that *Bishop* was wrongly decided when it held that § 400.3–606(1), RSMo 1978 applies to any party to the instrument, including co-makers. The Bank contends the comments to § 400.3–606, RSMo 1978 make clear that § 400.3–606(1) applies only to sureties and accommodation makers and that it does not apply to comakers. The court in *Bishop* considered and rejected that argument. This court agrees.

■ The difficulty with Klarfeld and Merriweather's contention is that neither Merriweather nor Klarfeld was a party to the other notes executed by Otte and Kathryn. Therefore, neither Merriweather nor Klarfeld has any interest in such notes and neither is in a position to urge that Otte's liability on such notes had been reduced by the release of Kathryn. Liability on those notes was between Otte, Kathryn, and the Bank. Merriwrather and Klarfeld lack standing to urge any defense on those notes to which they are not a party.

The Bank applied money that it received from Otte or from his assets to the various notes signed by Otte. Klarfeld contends the Bank acted improperly in doing so. It is well settled law in this state that when one owes several debts and makes payment thereon, the creditor has the right to apply the payment, or any part thereof, as seems proper to the creditor in the absence of any specific designation by the debtor. *A.E. Birk & Son Plumbing & Heating, Inc. v. Malan Construction Co.*, 548 S.W.2d 611, 617[7] (Mo.App.1977).

■ Here there was no evidence Otte or anyone on his behalf had directed that money received by the Bank was to be credited to any particular note and therefore the Bank was free to credit payment when received to any note it felt proper. As noted, the Bank did make some credits on the note in question.

■ Klarfeld contends the rule in *Birk* concerning the application of the credit of payment has an exception recognized in *Reger Roofing & Siding Co. v. R & H Roofing and Supply Co.*, 582 S.W.2d 716, 719[1, 2] (Mo.App.1979). The exception is that when the creditor knows or is chargeable with knowledge of the source of funds constituting a payment, and when third parties' rights are involved, the creditor has an obligation to apply the payments in such manner as to protect the rights of the party supplying the funds. Klarfeld contends the amount realized by the Bank from the accounts receivable should have been credited to this note because accounts receivable were used to make payments on this note prior to Klarfeld's leaving the office. Thus, he argues that after he left the accounts receivable payments should have been credited to this note. The flaw in Klarfeld's argument is that he testified unequivocally that when he left the office he took all of his accounts receivable with him and that prior to leaving the office he had kept his own accounts receivable on separate ledger cards. He testified he had no interest in the accounts receivable on which the Bank realized payment. Thus, Klarfeld does not come within the exception because the amount realized from the accounts receivable was not from funds supplied by or belonging to Klarfeld.

■ Merriweather and Klarfeld further contend that under § 400.3–606, RSMo 1978 the Bank impaired the collateral securing this note by failing to take possession of leasehold improvements and to obtain the best price possible from them. The fact that the Bank did not repossess or foreclose on its security does not establish that the security was impaired and the Bank was under no obligation to repossess or foreclose prior to bringing suit on the note. *State Bank of Fisk v. Omega Elec-*

*tronics, Inc.*, 634 S.W.2d 234, 238–39[12] (Mo.App.1982). For that reason the failure of the Bank to take possession of leasehold improvements did not impair the security.

■ Klarfeld contends there were only four comakers on the note because there is no evidence that the note was signed by Lori Klarfeld. Klarfeld is correct. The evidence shows that the note was signed by Otte, Kathryn, Nathan Klarfeld and Merriweather. There was no evidence to show that Lori signed the note. Klarfeld further contends that under *Bishop*, the release of Kathryn released 25% of the note because she was one of four comakers. In this contention Klarfeld is correct.

There is no legal defense shown which is supported by the evidence and the judgment in favor of Nathan Klarfeld and Merriweather is therefore unsupported by the evidence and is reversed. This cause is remanded with directions to enter judgment in favor of the Bank against Nathan Klarfeld and Merriweather. The court is directed to determine the amount now due on the note, including reasonable attorney's fees, and to enter judgment for 75% of that amount against Nathan Klarfeld and Merriweather. Any cross-claims or third party claims still pending which are contingent on liability being established against Nathan Klarfeld and Merriweather will be ripe for consideration.

The judgment in favor of Lori Klarfeld is affirmed.

Costs are assessed against Nathan Klarfeld and Merriweather.

All concur.