**CENTRAL PRODUCTION CREDIT AS-SOCIATION, Plaintiff–Appellant,**

v.

**Charles REED and Lois Reed, Defendants–Respondents.**

No. 16983.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1991.

Application to Transfer Denied
April 9, 1991.

Harold F. Glass, Frank Cottey, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

Gary A. Love, of Ozark, for defendants-respondents.

PREWITT, Judge.

Plaintiff sought recovery based on a promissory note. A jury returned a verdict denying recovery. Plaintiff appeals, contending it should have received a directed verdict or judgment notwithstanding the verdict.

The question presented is whether the trial court properly submitted for the jury's consideration defendants' defense of promissory estoppel. Absent that defense, it is undisputed that plaintiff would be entitled to the judgment it sought. Defendants contend that an authorized employee of plaintiff promised to loan them additional sums, but plaintiff refused to do so. Whether this occurred was the only material dispute at trial.

Estoppel is an affirmative defense under Rule 55.08. The burden of proof is upon the party asserting it. *Peerless Supply Co. v. Industrial Plumbing & Heating Co.*, 460 S.W.2d 651, 666 (Mo.1970). Every fact essential to create an estoppel must be established by clear and satisfactory evidence. *Id.* Estoppel should only be applied when all elements constituting it clearly appear. *Id.*

In reviewing to determine if the trial court properly submitted an affirmative defense, the evidence and all reasonable inferences therefrom are viewed in the light most favorable to defendants. *Flannery v. Whitaker*, 612 S.W.2d 146, 148 (Mo.App.1981).

The parties agree that the elements of "promissory estoppel" were accurately set forth in *Southern Missouri Bank v. Fogle*, 738 S.W.2d 153, 157 (Mo.App.1987). There it was stated:

> The doctrine of promissory estoppel provides that when a promise is made which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance, the promise is binding if injustice can be avoided only by performance of the promise.

The promissory note sued upon was signed March 10, 1986. Defendants admit that they signed it on or about that date. Defendants had borrowed money from plaintiff for several years previously and the debt represented by that note goes back to at least August 5, 1985. A previous note was signed on that date by defendants and secured by a deed of trust of even date. The promissory note of March 10, 1986, stated that it was "secured ... by real estate mortgage/deed of trust dated" June 25, 1984 and August 5, 1985. Defendants testified that on approximately August 5, 1985, they were told by an employee of plaintiff that plaintiff would "loan you all the money you need up to the five hundred thousand (500,000)".

Defendant Charles Reed acknowledged that on January 20, 1986, he and defendant Lois Reed were told that plaintiff would not "do any more business" with defendants, apparently interpreted by the parties as meaning plaintiff would not make any loans or advances to defendants. Thereafter, the promissory note of March 10, 1986, was executed as a "Loan renewal". On March 24, 1986, $5,000 more was advanced to defendants. On March 26, 1990, the day of trial, principal and interest due totaled $165,460.19.

Plaintiff contends that the defense presented should not have been submitted to the jury as it violates the "parol evidence

rule" and that it is entitled to judgment in the amount sought as the other relevant facts are not in dispute. Defendants' evidence came in virtually without objection and with no objection on the basis of the "parol evidence rule" although the question here presented was raised in the trial court by requesting a judgment in accordance with plaintiff's motion for a directed verdict at the close of all the evidence.

Parol evidence is not admissible to vary or contradict the terms of an unambiguous and complete written document absent fraud, common mistake, accident or erroneous omission. *State Bank of Fisk v. Omega Electronics*, 634 S.W.2d 234, 237 (Mo.App.1982). This is a rule of law and not of evidence; evidence offered in violation of it must be ignored, even if presented without objection, and a decision made on the writing alone. *Id.* The law presumes that a written contract embodies the entire agreement of the parties, particularly where it is a promissory note. *Id.*

Prior and contemporaneous agreements are conclusively presumed to have been merged into an unambiguous written contract, which becomes the final memorial of the agreement. *Hardin v. Ray*, 404 S.W.2d 764, 767 (Mo.App.1966). See also *Southgate Bank & Trust Co. v. Axtell*, 710 S.W.2d 247, 252–253 (Mo.App.1986); *Centerre Bank of Kansas City v. Distributors, Inc.*, 705 S.W.2d 42, 51–52 (Mo.App. 1985).

Defendants contend that their evidence was admissible because the promissory note and the deed of trust securing it refer to "future advances" and thus did not purport to contain the full expression of the parties or "[a]lternatively" that those documents by the references to future advances were ambiguous as to allow the parol evidence.

That future advances were contemplated does not mean that the note and deed of trust were not complete. Those agreements were to cover future loans, if made, which would be an additional or future agreement of the parties, but covered by those documents.

"A document is ambiguous when it is reasonably susceptible of different con-

structions." *State Bank of Fisk*, 634 S.W.2d at 237. The reference to future advances does not make the document ambiguous. It merely indicates that they may be made.

If, as defendants seem to assert, the promise to loan additional sums was a part of the agreement reflected in the note sued upon, it merged in the note. The parol evidence rule barred evidence of any other understanding. The prior conversations merged in the agreement and evidence of them was inadmissible as the promissory note sued on was unambiguous and parol evidence to vary it should not have been considered. Of course, if the agreement defendants claim was not a part of the agreement resulting in the note of March 10, 1986, then it was no defense to a claim on that note.

In addition, the evidence of the agreement to make further loans was too indefinite to base a claim or defense. There was no evidence of terms of the loan or loans except the upper limits. There was no agreement regarding its manner of repayment or due date, security or rate of interest. Such indefiniteness prevents any valid agreement either in contract or estoppel. See *Dennis Chapman Toyota v. Belle State Bank*, 759 S.W.2d 330 (Mo.App. 1988); *Labor Discount Center v. State Bank & Trust Co. of Wellston*, 526 S.W.2d 407, 425 (Mo.App.1975).

This court is obligated to order the judgment that should have been entered, effective on the date of the judgment in the trial court. *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App.1983); Rule 84.14.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the judgment previously entered and to enter judgment in favor of plaintiff and against defendants in the amount of $165,460.19, effective as of March 26, 1990, said amount to bear interest as provided by law.

MAUS, P.J., and CROW, J., concur.