STATE of Missouri, Plaintiff–
Respondent,

v.

Billie D. GLEASON, Defendant–
Appellant.

No. 17093.

Missouri Court of Appeals,
Southern District, Division One.

Aug. 23, 1991.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

A jury found defendant Billie D. Gleason guilty of each of four counts of receiving stolen property by retaining it with the purpose of depriving the owner of the same. § 570.080. He was sentenced on those counts to imprisonment for terms of one year, five years, two years and five years. He was also found guilty of one count of stealing, § 570.030, and sentenced on that count to imprisonment for three years. The one-year sentence was ordered to run concurrently with all other sentences which were ordered to run consecutively. Defendant states two points on appeal.

In view of the issues raised by those points, an outline of the facts will provide the background necessary for their consideration. The Gleason family owned a tract of real property extending along Old Highway 60 near the junction of Y Highway in Wright County. The home of the defendant was located on that tract. A large tin and wood building with a rounded arch-shaped roof, referred to as "the garage", was also located on that tract.

Detective Steve Ijames of Springfield had worked with Sheriff Leo Bradshaw of Wright County in law enforcement activities. By telephone, Detective Ijames told Sheriff Bradshaw of information Ijames had concerning drug activity in the area. At Sheriff Bradshaw's suggestion, Detective Ijames went to the Wright County prosecutor's office to supply information for the issuance of a search warrant. The completed application and form were delivered to Sheriff Bradshaw at about 3:00 p.m. That evening, Sheriff Bradshaw took the documents to Associate Circuit Judge John A. Moody at his home. Judge Moody signed and issued the search warrant at 9:30 p.m., on January 18, 1989. The face of the search warrant recites that it was signed at 9:30 a.m. This warrant described the premises to be searched as the Bill Gleason residence located west of Junction K and Y Highways and all outbuildings and/or storage structures located on said premises.

The warrant was executed on January 27, 1989, by Sheriff Bradshaw, Detective Ijames, FBI agents and members of the Missouri State Highway Patrol. Billie Gleason was not at home. Various items of stolen property were seized. A "pink powder" was also seized.

Sheriff Bradshaw then went to the garage for the purpose of arresting the defendant. As the sheriff reached the garage, one Kenneth Allen came from the building. The sheriff found Allen was carrying a concealed weapon and arrested him. Allen was in possession of plastic bags of a pink powder similar to that found at the residence. Sheriff Bradshaw then made application for a warrant to search the garage. The warrant was issued and the garage was searched. Firearms, ammunition, drug paraphernalia, a stolen pickup truck and other stolen items were seized. Items seized in the execution of each warrant were admitted in evidence in the trial of the case. The defendant does not question the fact the items described in the information and instructions were stolen. Nor does he contend the evidence is not sufficient to establish the other elements of the offense of retaining stolen property. Nor does he question the sufficiency of the evidence to establish his guilt in aiding or encouraging one Rex Atkisson in stealing personal property owned by Mrs. Beulah Curtis.

By his first point, the defendant attacks the admissibility of items seized during the search of the residence and the garage. He does so without distinguishing the items seized under each warrant. In view of the invalidity of the first point, it is not

necessary for this court to so distinguish the items seized.

Defendant's first point is that such items were erroneously admitted into evidence "because said searches violated defendant's rights under the United States and Missouri Constitutions in that (a) on its face, the warrant issued on January 18, 1989 was signed *before* any written application was made, and (b) the warrant issued on January 27, 1989 was based on information obtained during the first search and, moreover, the affidavit for the second warrant failed to state therein facts sufficient to show probable cause for issuance of the search warrant." (Emphasis in original.)

By that point, the defendant assigns three reasons why such items were inadmissible.

He first contends they were inadmissible because the first search warrant, issued on January 18, 1989, shows on its face that it was signed before written application therefor was made. The face of the document supports this conclusion. However, Sheriff Bradshaw testified that the warrant was issued at Judge Moody's home at 9:30 *p*.m. The affidavit of Judge Moody, assigned to duty in St. Louis, was admitted by agreement. The affidavit corroborates the testimony of Sheriff Bradshaw. Without contradiction, the testimony establishes the warrant was signed at 9:30 *p*.m. after application therefor was made.

The defendant at trial objected to the admission of such testimony on the basis of the parol evidence rule. He argues in this Court that such testimony should not be considered because of that rule. He cites *Southgate Bank & Trust Co. v. Axtell,* 710 S.W.2d 247 (Mo.App.1986).

■ In general, the cited rule bars parol evidence to contradict or vary the terms of a valid written instrument. *Central Production Credit Ass'n v. Reed,* 805 S.W.2d 300 (Mo.App.1991). The rule is limited to the contractual terms of such an instrument. *Kinser v. Elkadi,* 674 S.W.2d 226 (Mo.App.1984). The rule does not extend to the parol evidence of Sheriff Bradshaw and Judge Moody.

" '[A]s a general rule it is admissible to show by parol the true date of an instrument, even though such evidence may tend to vary the writing, or to supply the date when it is omitted, since the date is not generally such an important element of the agreement that the reason of the rule against parol evidence applies thereto....' *Cosby v. Harding,* 553 S.W.2d 535, 537 (Mo.App.1977). This is true even as to instruments that are required by statute to be in writing. *Olsen v. Reese,* 114 Utah 411, 200 P.2d 733 (1948)." *Norden v. Friedman,* 756 S.W.2d 158, 163 (Mo. banc 1988).

■ Moreover, a search warrant is not a contractual written instrument. It is a public record. It has been held that a mistake in such a record may be established by parol.

"[T]he minutes were silent on that question. The decision conceded, however, that the facts can be proven by parol where the records are incomplete on their face or where there has been fraud, oversight, omission or mistake." *State ex rel. McCrate v. Rhodes,* 349 Mo. 1071, 1074, 163 S.W.2d 978, 980 (banc 1942). Also see *Citizens Bank of Springfield v. Wright,* 122 S.W.2d 409 (Mo.App.1938).

■ This principle has been applied in respect to a search warrant. In *State v. Bruce,* 564 S.W.2d 898 (Mo. banc 1978), the contention of the defendant was summarized by the court in the following terms.

"Defendant reasons that this discrepancy indicates either that the affiant swore to an event which had not occurred or that the portion appearing in different type from the body was added sometime after the warrant issued. In either event, defendant concludes that the magistrate could not have had sufficient jurisdictional facts before him when the warrant issued and urges that the warrant must be held void." *Id.* at 904.

The discrepancy was explained by parol evidence. In holding the warrant valid, the court said:

"Even with the confusion over precise times, the testimony as to the *sequence* of events never varied: body prepared,

last minute additions, affidavits signed, warrant issued, evidence seized, and defendant arrested. The magistrate who issued the warrant also testified to the same effect with no confusion about times. We hold that the motions to quash and suppress were properly overruled." *Bruce* at 904. (Emphasis in original.)

A similar problem was before the court in *State v. Norwood*, 303 N.C. 473, 279 S.E.2d 550 (1981). The holding in that case is summarized in the following language:

"Affidavit for search warrant was not without probable cause on ground that it was sworn to before magistrate on date subsequent to time search occurred where, though both documents had a subsequent date typed on them, error was purely a clerical one on part of magistrate and was subsequently corrected when date was changed on both documents and initialled by magistrate to reflect correct date." *Norwood* at 550, Headnote [1].

The defendant's first argument against the admissibility of the evidence has no merit.

His second argument is premised upon the proposition that the first search warrant was invalid as contended in his first argument. Since that premise fails, so does his second argument.

■ The defendant's third argument is that the affidavit for the second warrant was insufficient to show probable cause for the issuance of that warrant. The substance of the affidavit is as follows:

"COMES NOW Sheriff Leo Bradshaw, of full age and being duly sworn, states and avers as follows:

1. That I am a duly elected Sheriff of Wright County, Missouri.

2. That on or about January 27, 1989, at approximately 7:00 AM, I was assisting in a search of property owned by Billie Dean Gleason.

3. That the search resulted in the discovery of stolen property and a pink powder which I believe to be illegal drugs.

4. That I believe Billie Gleason to be at a garage building approximately one-fourth of a mile east of the Billie Gleason property where he works at a garage being further described as a large tin and wood building with white sliding doors. The building has a rounded arch-shaped roof. That said property is owned by David Gleason, who is a fugitive with drug charges pending in this county, bu [sic] the property is in the possession and control of Ronnie Gleason and Billie Gleason. Said garage is located on property further described as: [description omitted]."

The test for determining probable cause has been succinctly stated.

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983), reh. denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). (Omission in original.)

The circumstances set forth in the foregoing affidavit provide ample basis for a practical, common-sense decision that there was a fair probability contraband or evidence of a crime would be found in the garage. See *State v. Gardner*, 741 S.W.2d 1 (Mo. banc 1987), cert. denied, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). The defendant's third argument is also invalid. His first point is denied.

■ The defendant's second point is:

"The trial [sic] erred in permitting the state to submit to the jury multiple counts charging defendant with receiving stolen property on January 27, 1989, and in sentencing defendant on Counts I, II, IV, and V because said submissions and sentencings violated defendant's constitutional rights against double jeopardy in

that said submissions and sentencings caused defendant to be placed in jeopardy more than once for the same offense."

That point falls far short of the requirements of Rule 30.06(d). As such, the point preserves nothing for review. Rule 30.20. Moreover, the defendant's argument under that point makes numerous references to bits of evidence to support the point. "All statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 30.06(h). Defendant's argument under his second point is devoid of page references. For this reason also, the point presents nothing for appellate review. *State v. Culkin,* 791 S.W.2d 803 (Mo.App.1990) and *State v. Jordan,* 751 S.W.2d 68 (Mo.App.1988).

This Court, gratuitously considering the inadequate statement of the second point and inadequate argument under that point, has examined the record to determine if manifest injustice or miscarriage of justice has resulted from the action of the trial court about which the defendant complains. The record demonstrates that the defendant was charged with four separate counts of retaining stolen property. Each count described a separate item, named the owner thereof and the date it was stolen. It is not necessary to state the evidence in detail. It is sufficient to observe that the transcript demonstrates the case falls within the purview of *State v. Gardner,* supra. The record does not demonstrate "plain error" affecting substantial rights resulting in manifest injustice or miscarriage of justice. Defendant's last point is denied and the judgment is affirmed.

PREWITT and CROW, JJ., concur.