**AMERICAN REALTY TRUST, INC., Appellant,**

v.

**FIRST BANK OF MISSOURI, GLADSTONE, Respondent.**

No. WD 49925.

Missouri Court of Appeals, Western District.

July 25, 1995.

885

Scott E. Seitter, Kansas City, for appellant.

Dennis L. Davis, Kansas City, for respondent.

Before KENNEDY, P.J., and
LOWENSTEIN and HANNA, JJ.

KENNEDY, Presiding Judge.

American Realty Trust, Inc. appeals from a judgment sustaining defendant's motion to dismiss ART's petition for failure to state a cause of action.

The defendant was First National Bank of Missouri, Gladstone. Plaintiff's petition alleged that the Bank had breached an agreement to lend ART the sum of $1,000,000, plus such additional sums as might be needed for completion of the contemplated improvements—a total of $1,250,000, for the purpose of upgrading a motel property owned by ART.

The petition alleged the following state of facts:

ART borrowed $3,000,000 from the Bank for the purpose of restructuring its corporate debt. As security for the repayment of this loan, it gave a deed of trust on a motel property owned by it and located in Platte County. The loan was closed and the deed of trust signed on March 30, 1992. The motel—a Holiday Inn—was at that time operated by an unrelated third party named NC/KC Associates, a North Carolina limited partnership.

ART alleged in its petition that it was understood at the time the $3,000,000 loan was closed that the Holiday Inn license would expire in about a year, and that substantial improvements would have to be made on the property in order to qualify for renewal of the Holiday Inn license. The cost of these improvements would be in the vicinity of $1,250,000. It was also understood, plaintiff alleged, that NC/KC Associates might not be able to fund the improvements. The Bank therefore agreed to lend ART an additional $1,000,000, plus such additional amounts as might be needed for the purpose.

After the closing of the $3,000,000 loan and deed of trust, ART succeeded NC/KC Associ-

ates as the Holiday Inn licensee. As a condition to continuing the Holiday Inn license, Holiday Inn required the making of certain renovations and upgrading of the property, the cost of which would amount to $1,250,000.

ART called upon the Bank to perform its alleged agreement to lend it $1,250,000 for that purpose. The Bank declined, and this lawsuit followed.

ART's petition is in four counts, advancing four theories: It asks that the Bank be ordered specifically to perform its express contract to lend it $1,250,000; specific performance of its implied contract; collateral estoppel; and damages for breach of contract.

The Court sustained the Bank's motion to dismiss for failure to state a cause of action. ART has appealed. The motion to dismiss, and ART's appeal, present the following two issues:

■ 1. *Whether section 432.045.2, RSMo Supp.1993, furnishes the Bank a defense to the action, as the Bank maintains it does?*

Section 432.045.2 reads as follows:

A debtor may not maintain an action upon or a defense to a credit agreement unless the credit agreement is in writing, provides for the payment of interest or for other consideration, and sets forth the relevant terms and conditions, except this subsection shall not preempt other specific statutes that authorize additional protection for consumer credit used in personal, family or household purposes and the limitations on credit agreements in subsection 3 of this section.

Plaintiff says the deed of trust itself contains the written agreement complying with section 432.045.2. It calls attention to the fact the deed of trust contains the following provision:

THIS INSTRUMENT SECURES FUTURE ADVANCES AND/OR FUTURE OBLIGATIONS WITHIN THE MEANING OF MISSOURI REVISED STAT-

UTES § 443.055, AS AMENDED, THE TOTAL PRINCIPAL AMOUNT OF WHICH SHALL NOT EXCEED $4,000,000.00 PLUS FUTURE ADVANCES AND/OR FUTURE OBLIGATIONS MADE OR INCURRED FOR THE REASONABLE PROTECTION OF THE SECURITY OR TO ENABLE COMPLETION OF A CONTEMPLATED IMPROVEMENT, ALL AS CONTEMPLATED BY SUBSECTION 3 OF SAID § 443.055, AND THIS INSTRUMENT IS TO BE COVERED BY SAID § 443.055.

This is in upper case letters, and is a preface to the deed of trust.

The deed of trust also contains the following provision:

Section 18.01. *Future Advances.* In addition to the indebtedness evidenced by the Note and all other Debt, this Deed of Trust, to the fullest extent permitted by the law of the State, shall secure also and constitute a Lien on the Mortgaged Property for all future advances made by Lender to Borrower in connection with the Mortgaged Property within ten (10) years from the date hereof to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of the indebtedness that may be secured by this Deed of Trust shall not exceed a maximum principal amount equal to $4,000,000.00 plus future advances and/or future obligations made or incurred for the reasonable protection of the security or to enable completion of a contemplated improvement, all as contemplated by Subsection 3 or § 443.055 Missouri Revised Statutes, and this instrument is to be governed by said § 443.055.[1]

These provisions do not meet the requirements of section 432.045.2. They do not constitute an "agreement" on the part of the Bank to lend $1,250,000 to ART; they do no more than to provide that, if additional sums are lent to ART for the purposes mentioned, the deed of trust will secure them. The

1. Similar language was included in the notice provision of the Deed of Trust.

provisions are clearly intended to protect the deed of trust's priority as against intervening liens, in case further sums might be advanced by the Bank to ART, as provided by section 443.055.2, RSMo Supp.1993. The above-quoted language of the deed of trust is drawn from the latter statutory provision and is meant to comply therewith. The quoted provisions of the deed of trust may not be construed as an agreement on the part of the Bank to lend an additional $1,250,000. They are not a "credit agreement ... in writing," do not provide for "the payment of interest or for other consideration," and do not "set forth the relevant terms and conditions."

■ 2. *Whether the Bank is collaterally estopped, as ART claims, from asserting the statute of frauds defense of section 432.045.2?*

ART relies upon the doctrine of promissory estoppel, which has sometimes been held to remove an oral contract from the statute of frauds. *See, e.g., Moore v. Missouri–Nebraska Express, Inc.*, 892 S.W.2d 696, 704 (Mo.App.W.D.1994); *Davis v. Nelson*, 880 S.W.2d 658, 666 (Mo.App.E.D.1994).

The doctrine of promissory estoppel is stated in the following terms: "The doctrine of promissory estoppel provides that when a promise is made which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance, the promise is binding if injustice can be avoided only by performance of the promise." *Southern Missouri Bank v. Fogle*, 738 S.W.2d 153, 157 (Mo.App. S.D.1987); *see also* Restatement (Second) of Contracts § 90(1); *Central Prod. Credit Ass'n v. Reed*, 805 S.W.2d 300, 301 (Mo.App. S.D.1991).

ART says it relied to its detriment upon the Bank's promise to lend the additional moneys. In its brief, it describes its reliance and its detriment saying: "The Bank secured the Hotel and property at a face value of $4,000,000 and ART cannot obtain a loan from another source because of the Bank's security position."

There is a feature of the present case which was not present in any of the cases relied upon by ART to support its promissory estoppel theory. The parties at the time of closing the $3,000,000 loan—March 30, 1992—entered into a "Loan Agreement" in addition to the deed of trust. That loan agreement described the $3,000,000 loan, making no reference to any additional loan. In a separately initialled paragraph within the loan agreement, there appears the following:

K. *STATUTORY NOTICE.* The following notice is included in compliance with R.S.Mo. § 432.045:

"Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it."

/s/ TM           /s/ RK

This paragraph K is included solely to comply with the Missouri Statute referred to above, and is not intended to constitute this Agreement as a replacement for any security agreement or other Loan Documents, or to alter the express written agreement of the parties herein contained.

Prior and contemporaneous agreements are conclusively presumed to have been merged into an unambiguous written contract, which becomes the final memorial of the agreement. *Central Prod.*, 805 S.W.2d at 300, 302. The loan agreement's express disclaimer of any other agreements between the parties for the loan of additional moneys is fatal to ART's promissory estoppel claim.

Judgment affirmed.

All concur.